**HARTWELL v. TEXAS CONSOLIDATED OILS, Inc., et al.**

Civ. No. 4177.

United States District Court
N. D. Texas, Dallas Division.

Dec. 29, 1950.

Thompson, Coe & McCord, Dallas, Tex., for plaintiff.

Carrington, Gowan, Johnson & Walker, Dallas, Tex., for petitioner Ronnie B. Smith.

W. B. Harrell, Dallas, Tex., for petitioner Petroleum Reserve Corp.

David C. McCord, Jr., Dallas, Tex., for Olin N. Jaye.

ATWELL, Chief Judge.

On November 24th, 1950, Olin N. Jaye intervened in the above cause, which pended in the 116th District Court of Dallas County, Texas, in which he complained of Ronnie B. Smith and Petroleum Reserve Corporation who had intervened in the original cause.

He also complained of the Texas Consolidated Oils, Inc.

He alleged in that plea that in November, 1947, Smith, as a director and officer and agent of the Petroleum Reserve Corporation, had employed said Jaye and authorized him to contract for and on behalf of his principals to make commitments for crude oil and to offer financial assistance to producing companies, and that he procured from the Texmass Petroleum Company an option on the production of oil and gas from certain properties, and that such intervenor's principals loaned $4,000,000 to said Texmass, and that Texmass was to give an option to Jaye's principals on the production of all wells to be drilled on the Texmass properties. That they agreed to compensate him for his services by paying him one cent per barrel on all oil runs for the life of the contract. That there is due him, $1,286,000 by the Petroleum Reserve Corporation and the other companies for whom he acted. That such promise to pay is secured by an equitable assignment to every barrel of oil thus produced.

That defendant Texas Consolidated Oils took over the assets of the Petroleum Reserve Corporation, and of Ronnie B. Smith and Texmass, including intervenor's legal and equitable right; whereas Texas Consolidated is liable to him in the said amount. He asks for judgment against Smith, Petroleum Reserve Corporation and Texas Consolidated Oils, Inc., jointly and severally in said amount.

Smith and Petroleum Reserve Corporation, after such intervention and attempt by said intervenor to make them defendants in his intervention, removed said cause to this court. Smith claimed that he was and is a resident of Tennessee, and that Petroleum Reserve Corporation is a resident of the state of Delaware.

The removants claim that if there is any cause of action by Jaye against Smith and Petroleum Reserve, it is a matter between him and them and that the only right he asserts against Texas Consolidated is that it took over the assets of the Petroleum Reserve and of Smith and of Texmass.

Plaintiff Hartwell, in the original action, moves to remand because it is against the Texas Consolidated which is a Texas corporation and is, in truth, a necessary defendant to plaintiff's cause of action, since all of the assets of the Petroleum Reserve Corporation have been transferred to the Texas Consolidated, and Smith and Petroleum Reserve Corp. are but nominal party

defendants. That such removal would cause a multiplicity of suits and would be merely ancillary to the main cause of action in the state district court. That Petroleum Reserve is a Delaware corporation with its principal office in Dallas, Texas, and that Smith, though claiming to be a citizen of Tennessee, is a business resident of Dallas, as testified by him.

That the attorney for Smith, and the attorney for Petroleum Reserve have been present and participating in a receivership hearing in the state district court, and said court has been proceeding with said hearing for a period of twenty days, or more, and it would be inappropriate and improper to remove the cause of action to the United States court. That Texas Consolidated is the main defendant and is the only defendant from whom plaintiff Hartwell may recover a judgment, and that the matters are not separable.

■ The party who is seeking the removal is an intervenor. He entered the court where the original action pended, and is bounden to accept the issues as therein made and may not change the sort of action so as to affect removal. The original plaintiff in the state court has never changed his pleadings since the entry of the intervenors which would authorize such removal if sought within the statutory time.

■ In 67 Corpus Juris Secundum, Parties, § 53, page 974, there are highlights and supporting text and authorities which lead us to conclude that intervention is an act, or, proceeding by which a third person is permitted to become a party to an action, or, proceeding between other persons for the purpose of hearing and determining at the same time all conflicting claims which may be made to the subject matter in litigation.

■ Intervention has a different meaning which is that the intervenor is to become a party to it. It is not an independent proceeding. It is collateral to, accessory, or, ancillary to the principal action.

■ The plaintiff has a right to select the defendants but this right is subject to the right of the third person to intervene in a proper case—that is, to enter it.

■ Where the applicant to intervene is neither a necessary nor a proper party, intervention is not permissible.

That one may have the right to bring a separate suit should not be confused with the right to intervene. The right to bring a separate suit is much broader because he then determines the latitude and longitude. When he enters another's suit, the dimensions are already fixed, except that he, himself, seeks for some protection of a right which he claims against the property that the plaintiff claims.

■ In Texas the rule is well supported that no intervention will be permitted unless the intervenor, as a sole plaintiff, or, sole defendant, would be entitled either to obtain at least a part of the relief demanded in the original action, or, to prevent a recovery at least in part. The rule seems to be that a person cannot intervene to enforce an independent cause of action against the original party at least where it involves subject matter distinct from that involved in the original suit, or, to litigate concerning the subject of the action, and also with respect to an additional subject, even though the intervenor may set up a claim to the subject matter at issue which differs to that of the plaintiff, or, defendant. The view seems to be that an intervenor may join with either party and resist the claim of the other, or, may oppose both. McAdow Motor Co. v. Luckett, Tex.Civ.App., 131 S.W.2d 267; Burditt v. Glasscock, 25 Tex.Supp. 45; Bangs v. Sullivan, 33 Tex.Civ.App. 30, 73 S.W. 74; Ragland v. Wisrock, 61 Tex. 391; Smalley v. Taylor, 33 Tex. 668; Hanna v. Drennan, 2 Posey Unrep. Cas., Tex., 536.

In addition to all of these fundamentals, is the cornerstone of comity between courts which stands large in this case because of the participation of all the parties including intervenors, in rather lengthy proceedings, hearings, and receivership, in the state court.

The motion to remand must be granted.