**Harold E. KAUFFMAN, Administrator of the Estate of William E. McQuown, Deceased, Plaintiff,**

v.

**Paul KEBERT, Defendant.**

**Civ. A. No. 311.**

United States District Court
W. D. Pennsylvania.

Aug. 5, 1954.

Appeal Dismissed Jan. 31, 1955.

See 219 F.2d 113.

Harold E. Kauffman, Conneaut, Ohio, A. Grant Walker, and Quinn, Leemhuis, Plate & Dwyer, Erie, Pa., for plaintiff.

Carney & Carney, Erie, Pa., Kenneth W. Rice, Meadville, Pa., Robert A. Jarvis, Pittsburgh, Pa., for defendant.

**WILLSON, District Judge.**

This is a motion to intervene as defendants. On May 1, 1953, Paul Kebert, the defendant, and a resident of this district, was driving his car in Erie County, Pennsylvania. He collided with an automobile operated by William E. McQuown, plaintiff's decedent, a resident of Ohio. Accompanying defendant at the time of the accident were his wife Pauline Kebert and his minor son Larry Kebert, who are the persons petitioning the Court for permission to intervene under Fed.Rules Civ.Proc. rule 24(b), 28 U.S.C.A.

This action is founded upon a complaint filed by Harold E. Kauffman, Administrator of the Estate of William E. McQuown, deceased, on April 21, 1954. The motion to intervene was filed May 19, 1954. Plaintiff opposes intervention. Petitioners seek leave to intervene as defendants in this action in order to file a joint counterclaim against plaintiff, a copy of which is attached to the petition, on the ground that as guest passengers of the defendant, they suffered serious personal injuries, because of the negligence of plaintiff's decedent at the time of the collision. In the complaint, the circumstances of the automobile collision are set forth and it is alleged that plaintiff's decedent was killed by reason of the negligence of the defendant Paul Kebert. The motion states that the factual situation presents both questions of law and fact, which are common to the main action.

Counsel for the moving parties cite Rule 13(a), Rule 19(a), 19(b), 28, and 24(b) as authority for this Court to permit Pauline Kebert and Larry Kebert to intervene as defendants in this case, for the purpose of asserting their claims against the plaintiff. The matter is discretionary with the Court.

Rule 24(b) reads:

"*Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

■ It is to be noted that in this case the present litigation is between the administrator of the Estate of one operator against the surviving operator of the cars involved in the collision. The defendant has a counterclaim for his damages including claim for his expenses in connection with the injuries suffered by his wife and son. The claim for relief in the main action is for money damages. The applicants here apply to the Court for permission to intervene as defendants. Yet in the pleading which they propose to file if granted the right to intervene, there is no defense asserted against the complaint in the main action. It has been held that parties who seek to intervene must accept the litigation as presented in the main cause. They must join in the support of the claim made or in defense of the claim asserted in the litigation in the first instance. The parties here are, of course, interested in the common questions of law and fact as to who was responsible for the collision of the two cars. However, the result of the main litigation is not binding upon either of the two applicants.

■ Applicants say that under Rule 13(a) they may assert a counterclaim against plaintiff as the defendant has done. Rule 13(a) says, "* * * A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." A counterclaim presupposes a previous demand for relief against which the counterclaimant is defending or has a defense, or at least against whom a claim has been asserted which under prior practice might have been admitted with a counterclaim in the nature of recoupment or off-set. Plaintiff here, however, asserts no claim whatsoever against the persons who propose to counterclaim. There are many definitions of counterclaim and the character of that pleading is well known. In Black's Law Dictionary, page 451 a "counterclaim" is: "A claim presented by a defendant in opposition to or deduction from the claim of the plaintiff. A species of set-off or recoupment introduced by the codes of civil procedure in many of the states, of a broad and liberal character; the term 'counterclaim,' of itself, imports a claim opposed to, or which qualifies, or at least in some degree affects, the plaintiff's cause of action; a 'counterclaim' is a cause of action in favor of defendant and against plaintiff arising out of the transaction or contract pleaded by plaintiff, and on which plaintiff's claim is bottomed; the term is broader in meaning than set-off or recoupment, and includes them both." It can be readily seen, therefore, that

under Rule 13(a) the applicants here are in no sense seeking to become parties to the lawsuit in order to defend the action in the first instance, and as defendants, counterclaim against plaintiff. Judge Clark said in Lesnik v. Public Industrial Corp., 2 Cir., 144 F.2d 968, 975:

> "The compulsory counterclaim device is, of course, only a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims."

He says further, in speaking of a compulsory counterclaim:

> "A 'compulsory counterclaim' under Rule 13(a) is a claim, not the subject of a pending action, which the defendant has at the time of its filing if it 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' "

Again it is pointed out that the plaintiff here, who will be the opposing party if intervention is permitted has no "subject matter" in dispute which the applicants here desire to litigate in the first instance. It is apparent that the applicants here use the device of intervention to put themselves in the position of plaintiffs in this lawsuit.

This is a diversity case. From the pleadings it appears that the Court has jurisdiction. Applicants, however, do not seek to intervene as plaintiffs. Intervenors are required generally to join with either party and resist the claim of the other or they may oppose both. See Lesnik v. Public Industrial Corp., supra. See also United States to Use and for Benefit of Foster Wheeler Corp. v. American Surety Co., D.C., 25 F.Supp. 700; Hartwell v. Texas Consolidated Oils, D.C., 94 F.Supp. 609; and Clark v. Sandusky, 7 Cir., 205 F.2d 915.

It seems that the applicants here are seeking a shortcut to a lawsuit. They have no interest in the main suit, not being bound by the result thereof, but it appears they desire to step aboard the present going lawsuit as a matter of convenience in the trial of their own case for damages against plaintiff. They have a right to bring a separate suit. This, however, should not be confused with the right to intervene. Applicants say that as plaintiff has come into this jurisdiction he has subjected himself to the orders of the Court and that because of the common question of law and fact and convenience of the parties, applicants' claim should be determined in the present action. It is true that with two actions pending, the Court would in all likelihood combine them for trial purposes, thus adjudicating the issues in one trial. But, nevertheless, the Rules of Civil Procedure are not to be distorted for the convenience of the parties. See Lesnik v. Public Industrial Corp., supra. A plaintiff has the right to select the defendants. This right is subject, however, to the right of third-parties to intervene in proper instances.

There being no showing that applicants are interested in the defense of the allegations contained in the complaint filed by plaintiff, and for other reasons mentioned herein, it is believed that intervention is not proper in this instance.

Plaintiff has opposed the application on various grounds: among them that the plaintiff is not amenable to the proposed counterclaim as he is a foreign administrator; and that the claims have not been properly and duly presented in Ohio as required by the Statutes of the State of Ohio. However, the Court's discretion in refusing the application to intervene is for the reasons already mentioned. The application will be refused.