**BEARD–LANEY, Inc., Plaintiff,**

v.

**Harry PRESSLEY, Defendant.**

**Hubert PRESSLEY, Applicant for Intervention,**

v.

**BEARD–LANEY, Inc., and American Fidelity and Casualty Company, Inc.**

**Civ. A. No. 1780.**

United States District Court
W. D. South Carolina,
Greenwood Division.

Sept. 23, 1955.

Pope & Greene, Newberry, S. C., for plaintiff.

Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant Harry Pressley and for applicant for intervention.

WYCHE, Chief Judge.

Plaintiff, a South Carolina corporation, instituted this action in the Court of Common Pleas for Newberry County,

South Carolina, against defendant, a resident of the State of Virginia, for damages to plaintiff's tractor and tanker arising out of an accident which occurred in Newberry County in the Western District of South Carolina. The damages sustained by plaintiff and demanded in its complaint exceed the sum of $3,000. Thereafter, defendant removed this action to the United States District Court for the Western District of South Carolina upon the ground of diversity of citizenship.

Defendant's son, the owner of the automobile which defendant was operating at the time of the accident, has now filed his motion to intervene as a party defendant and to join American Fidelity and Casualty Company, Inc. as a defendant and to serve his "Intervener's Complaint" upon plaintiff and American Fidelity and Casualty Company, Inc.

The motion to intervene states that the purpose of the intervention is "in order that the said Hubert Pressley may assert a counterclaim for his damages against Beard-Laney, Inc. and its insurance carrier American Fidelity and Casualty Company, Inc." The applicant does not assert any defense to the complaint or allege that he is or may be liable for the damages claimed by plaintiff. He wishes to join another action with the one already pending and states that the pending litigation presents questions of law and fact which are common to intervener's claim.

Applicant is a citizen of the State of Virginia. Plaintiff, against whom he wishes to assert a claim, is a South Carolina corporation. American Fidelity and Casualty Company, Inc., which he asks to join, is a Virginia corporation. The intervener could not bring a separate action in this Court for his damages against plaintiff and its insurance carrier because no diversity exists and his claim is for less than $3,000.

It appears from the motion filed by attorneys for Hubert Pressley and from their argument that they do not claim intervention as a matter of right but claim permissive intervention under Rule 24(b) (2), 28 U.S.C.A.

Plaintiff opposes applicant's motion upon the grounds that (1) applicant may not intervene solely for the purpose of bringing another suit and not for the purpose of answering plaintiff's complaint, and (2) Federal jurisdiction does not exist as to applicant's separate suit.

In the case of Kauffman v. Kebert, 16 F.R.D. 225, 228, in which the facts are almost identical to those in the instant case, the United States District Court for the Western District of Pennsylvania refused to allow intervention, stating that "It seems that the applicants here are seeking a shortcut to a lawsuit."

In Moore's Federal Practice, Vol. 4, Section 24.17, at page 127, it is stated "that the desire of the petitioner to present a counterclaim or to add new parties may be one reason for denying intervention if the right to intervene is only discretionary."

■ The applicant for intervention has not shown that he is or may be liable for the damages which plaintiff may recover nor is it alleged that he will be bound by the result of this action. His "counterclaim" is, therefore, not a compulsory counterclaim which will be lost by him if not asserted in this action. He has no right to join a separate action with the one already instituted by plaintiff for recovery of its damages.

There is no independent ground of federal jurisdiction between applicant and those against whom he wishes to bring suit. Professor Moore in his work points out the necessity for an independent ground of federal jurisdiction in cases of permissive intervention. See, Section 24.18, page 136, Volume 4, Moore's Federal Practice.

■■ Intervention in an *in personam* action under a discretionary right must be supported by independent grounds of jurisdiction, except when the action is a class action. Here applicant for inter-

vention is a resident of the same State as the insurance company against whom he seeks to assert a claim; also his claim is for an amount less than $3,000. Since no independent ground of federal jurisdiction exists applicant has no right to intervene in this action.

For the foregoing reasons, it is my opinion that the motion should be denied, and

It is so ordered.