**Billy ROSE, Ray Henderson and Mel Torshin, as Executors of the Estate of Mort Dixon, Plaintiffs**

v.

**BOURNE, INC., Defendant.**

United States District Court
S. D. New York.
April 22, 1959.

---

11. 79 S.Ct. 641.

Hays, St. John, Abramson & Heilbron, New York City, for plaintiffs.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant, Walter S. Beck, Simon Rose, Albert F. Smith, New York City, of counsel.

DIMOCK, District Judge.

This is a motion by plaintiffs for a voluntary dismissal with prejudice. Plaintiffs are assignors of the copyright of a song, "That Old Gang of Mine". They bring this action against the assignee for infringement. The action is based on the theory that the assignment conveyed only the original term, that the original term has expired and that the assignors have renewed the copyright for their own benefit.

Defendant counterclaimed for a judgment declaring that defendant was the legal owner of the renewal copyright or declaring that defendant was the beneficial owner of the renewal copyright and directing plaintiffs to specifically perform the assignment.

On the trial counsel for plaintiffs stated that the action was a test case as to the effect of an assignment in the form here used. I indicated a disposition to hold that the assignment conveyed the right of renewal. Plaintiffs then urged that equitable considerations such as inadequacy of consideration and change of circumstances ought to be given effect. Defendant thereupon withdrew its counterclaim in order to eliminate the counterclaim's prayer for specific perform-

ance as a basis for importing equitable considerations into the solution of the problem.

The trial proceeded and I indicated my disposition to hold that the renewal right had been conveyed as before and that equitable considerations were not relevant. I said, however, that, since a test case was being submitted, I would take the testimony for the benefit of the appellate courts in the event that my view proved to have been incorrect. After the midday recess and before the direct testimony of the first witness had been completed, plaintiffs asked leave to dismiss without prejudice. I adjourned the continuation of the trial indefinitely and took the motion under advisement. Eventually I denied the motion with the statement that I would proceed with the trial at the conclusion of another case which I was then trying and which I said would occupy about another thirty days.

In the meantime plaintiffs have brought this motion for a dismissal with prejudice. Defendant asks that I make findings.

■ The opinion in Lawlor v. National Screen Service, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122, teaches that a dismissal with prejudice, even in the absence of findings, will bar "a later suit on the same cause of action" but, without findings, the actual or potential determination of the issues in the dismissed suit will not be effective by way of collateral estoppel on the decision of other causes of action.

■ I feel, however, that I have no power to make findings in this case. It is true that the Lawlor opinion presupposes the possibility of findings accompanying a voluntary dismissal with prejudice but there the parties, as part of a settlement of the case, had agreed to the dismissal with prejudice. I have no doubt that, if the parties here should agree upon findings to accompany the voluntary dismissal with prejudice, they would be effective by way of collateral

estoppel in the decision of other causes of action. The difficulty is that, instead of both agreeing upon findings, one of the parties strenuously objects to them. A plaintiff, by moving in the midst of trial for a dismissal with prejudice, does not ipso facto empower the court to base findings of fact upon the pleadings, depositions, pre-trial proceedings and evidence so far as given.

■ Defendant asks that, in any event, its counterclaim be reinstated. That request should be granted. Defendant's withdrawal of its counterclaim was on plaintiffs' representation that this was a test case. Defendant was justified in assuming that, even in the absence of its counterclaim, the case would proceed to a determination of the question of the ownership of the renewal rights and that the counterclaim that sought such a determination was unnecessary. Now that the ground for that assumption is withdrawn, defendant's consequent withdrawal of its counterclaim may be withdrawn.

It does not, however, seem to me wise to direct a with-prejudice dismissal. By trying out its counterclaim defendant can get its desired determination of the ownership of the renewal rights on the merits supported by findings. A with-prejudice dismissal of the complaint would raise the question whether defendant on assertion of the counterclaim was entitled to anything more than a finding that the with-prejudice dismissal had determined that the renewal rights were vested in defendant. The dismissal will, therefore, be expressed to be without prejudice.

Defendant's counterclaim and plaintiffs' reply thereto are reinstated and a separate trial of the issues raised thereby is ordered. Plaintiffs' complaint is dismissed without prejudice.

The trial of the issues raised by defendant's counterclaim and plaintiffs' reply may be brought on before me at a time and place convenient to the court by notice served by either party.

So ordered.