**SINTON SAVINGS ASSOCIATION,**
Appellant,

v.

**R. K. ELLIS, Appellee.**

No. 616.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 30, 1971.

Rehearing Denied Dec. 30, 1971.

Waitz, Bretz & Collins, Bruce Waitz, San Antonio, Burnett & Burnett, William G. Burnett, Sinton, for appellant.

House, Mercer, House & Brock, R. L. House, San Antonio, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment in favor of appellee that appellant take nothing by its suit. Appellant asserts eight points of error which principally involve questions of res judicata, collateral estoppel and privity, arising out of a prior federal court suit which will hereafter be more fully discussed.

Appellant, Sinton Savings Association, as plaintiff, instituted this suit in the district court of San Patricio County, Texas, against R. K. Ellis, defendant-appellee, seeking to recover judgment against the appellee for various sums of money aggregating $476,622.85. The petition alleges in substance that appellant is a Savings and Loan Association, organized under the laws of the State of Texas; that appellee was the president and executive manager of the appellant association from June 8, 1963, to December 19, 1963, and that during such period, by various wrongful, fraudulent, dishonest, and in the alternative, negligent acts on the part of appellee, he caused appellant to suffer financial losses as above-mentioned. Alternatively, appellant alleged that it was a third-party beneficiary under a contract between appellee and one Matthew Steiner to purchase the obligations resulting in a portion of the loss, and that appellee breached said contract to appellant's damage in the amount

of $456,738.19. In the further alternative, appellant alleged that, as a result of the acts complained of, appellee artificially inflated the value of his 53% stock ownership in the appellant association and thereby made a profit on the sale of such stock of $153,660.00, which profit appellant was entitled to recover. In the further alternative, appellant alleged that appellee agreed with the Federal Home Loan Bank Board and the Texas Savings and Loan Department to remove certain loans from the loan portfolio of appellant, and deposited the sum of $44,450.00 as a reserve against losses, agreeing to make a further deposit of the additional sum of $55,550.00 to such reserve, which additional deposit he failed to make, and appellant sought to recover said additional sum of $55,550.00 for breach of such agreement.

Appellees' answer to appellant's petition set up defenses of res judicata, stare decisis and estoppel by judgment, based upon a prior federal court case.

The Summary Judgment record consisted of plaintiff's petition, defendant's answer, defendant's interrogatories to the plaintiff, plaintiff's answers thereto, a stipulation covering the pleadings and record in Civil Action No. 65–C–66 in the United States District Court for the Southern District of Texas, Corpus Christi Division, styled Sinton Savings Association vs. Westchester Fire Insurance Company, hereafter referred to as the federal case, (wherein Sinton Savings Association was plaintiff, Westchester Fire Insurance Company was defendant, and Ellis was third-party defendant, but in which no cause of action was asserted by Sinton against Ellis), the affidavit of Bruce Waitz, one of the attorneys for appellant, relating to the issues settled and intended to be settled by the judgment entered in the federal case.

Appellee moved for Summary Judgment on the ground that the judgment in the federal case settled appellant's cause of action; that such judgment was res judicata of the present action and that appellant was estopped by such judgment from

prosecuting this action. The motion alleges that "There is no genuine issue as to any material fact in regard to this case because it was all settled and the Judgment entered in the United States District Court . . . ." Appellee's motion was sustained by the trial court.

Appellant's complaint in the federal case shows that jurisdiction was based on diversity of citizenship and the amount in controversy. The defendant was Westchester Fire Insurance Company, a citizen of New York, while plaintiff was a citizen of Texas. The cause of action asserted by Sinton against Westchester was upon a savings and loan blanket bond issued by Westchester to Sinton Savings Association which indemnified Sinton against loss by reason of any fraudulent, dishonest or criminal act on the part of any of its employees. Westchester Fire Insurance Company answered, admitting jurisdiction that the bond was in force and that it had denied liability. The same day Westchester filed a third-party complaint against R. K. Ellis, a citizen of Texas, as a third-party defendant and asked for judgment over against him for any amount recovered by Sinton Savings Association as plaintiff, against it as defendant. R. K. Ellis answered the third-party complaint and provisionally admitted that any sum which Westchester Fire Insurance Company was compelled by judgment to pay on his behalf he would be liable for to Westchester and for reasonable and necessary expenses incurred in his behalf, but not otherwise. Ellis also denied that the allegations of Sinton's complaint were true in whole or in part and asserted that such complaint stated no cause of action upon which relief could be granted. Ellis also asserted that the third-party complaint (filed by Westchester) failed to state a claim upon which relief could be granted.

Sinton Savings Association did not amend its complaint so as to seek a recovery against R. K. Ellis in the federal case.

The judgment in the federal case reads as follows:

"On this, the *6th* day of November, 1967, came the plaintiff, Sinton Savings Association, and announced to the Court that it no longer desired to prosecute this suit and asked that the same be dismissed, and it appearing to the Court that such should be done;

It is, therefore, ORDERED, ADJUDGED and DECREED that the cause of Sinton Savings Association against Westchester Fire Insurance Company be, and the same is hereby in all things DISMISSED with prejudice.

And it further appearing to the court that Westchester Fire Insurance Company, third party plaintiff, has announced that it no longer desires to prosecute its third party action against Robert K. Ellis and has asked that such claim likewise be dismissed with prejudice:

It is further ORDERED, ADJUDGED and DECREED that said cause be likewise dismissed with prejudice as against Robert K. Ellis.

All costs of suit herein are taxed against the defendant, Westchester Fire Insurance Company by agreement of the parties.

SIGNED and ordered entered this *6th* day of November, 1967."

The trial judge did not make or file any findings of fact or conclusions of law in connection with entry of judgment in the federal case.

 Appellant contends that the summary judgment here cannot be properly based upon the judgment in the federal case; that Sinton's cause of action here is not barred on any theory. Appellee contends that because of the judgment in the federal case appellant's cause of action here asserted is barred by the doctrines of res judicata and collateral estoppel; that the issues between the parties here were

within the ancillary jurisdiction of the federal court, and that there was privity between Westchester and Ellis.

We will first consider the question of whether the order of dismissal in the federal case is res judicata of the cause of action asserted by Sinton in the instant State Court case. Appellee says that Sinton cannot recover herein because of that doctrine; and appellant says that it is not applicable (appellant's points 1, 3, 5 and 7). We agree with appellant.

In the federal case, Sinton as an original plaintiff sued Westchester as original defendant. Diversity of citizenship was present there. Then Westchester, as third-party plaintiff, sued Ellis, as third-party defendant, and diversity was also present on that phase of the case. However, Sinton did not sue Ellis in the federal case, and it could not have properly done so. The reason for this is that there was no independent ground for federal court jurisdiction of such a suit. More specifically, there was no diversity of citizenship between Sinton and Ellis in the federal case.

Appellee's contention that the controversy between Sinton and Ellis could have been adjudicated in the federal case on the theory of ancillary jurisdiction is without merit. Here also an independent jurisdiction ground as between Sinton and Ellis was necessary, and none existed. See McPherson v. Hoffman, 275 F.2d 466 (6 C.A., 1960); Schwab v. Erie Lackawanna Railroad Comany, 303 F.Supp. 1398 (D.C. Pa.1969); Corbi v. United States, 298 F. Supp. 521 (D.C.Pa., 1969).

■ In the federal case here involved, the court had ancillary jurisdiction over Westchester's third-party complaint against Ellis as a third-party defendant, but that ancillary jurisdiction did not extend to determination of issues between Sinton and Ellis.

■ In support of the summary judgment in his favor, appellee also relies upon Rule 14(a) Fed.Rules Civ.Proc. But analysis shows that such rule is not helpful to appellee. That rule is permissive, not mandatory, and does not remove the jurisdictional requisites for a plaintiff to sue a third-party defendant in the federal court. Furthermore, the scope of the rule is limited by Rule 82, F.R.C.P., which reads in part as follows:

> "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. . . ."

Rule 14, F.R.C.P. was amended in 1948 so as to delete a provision in the original rule which permitted the impleading of a third-party who was or might be liable to the plaintiff, and confined the right to the impleader of a person, *not a party to the action*, who is or who may be liable to *him* for all or any part of the plaintiff's claim against *him*. This amendment was made because of prior holdings of various courts to the effect that the plaintiff need not amend his complaint to state a claim against a third-party if he did not wish to do so. This is explained in the Notes of Advisory Committee on Amendment to Rules, 28 U.S.C.A., Rule 14, p. 408. The committee expressly recognized the permissive nature of Rule 14(a) and further, recognized the jurisdictional limitation when it said:

> " . . . Moreover, in any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing. . . ."

The editors of A.L.R. have also summarized the rule at 37 A.L.R.2d 1430–31, as follows:

> "The courts have held, with almost complete uniformity, that an amendment of the plaintiff's complaint so as to assert a claim against the third-party defendant destroys the court's jurisdiction, where

the plaintiff and the third-party defendant have a common citizenship. . . . "

The text writers of Corpus Juris Secundum have also recognized the jurisdictional requirement in the following language:

> "*Jurisdiction over third-party defendant.* Rule 14(a) does not authorize an amendment to assert a claim against a third-party defendant over whom the court would not have jurisdiction if he had been joined originally." 35A C.J.S. Federal Civil Procedure § 343, p. 526.

In Hoskie v. Prudential Ins. Co. of America, 39 F.Supp. 305 (D.C.N.Y., E.D. 1941), the court held in part as follows:

> "It is difficult to comprehend why this Court should now have jurisdiction over a claim of a New York plaintiff against a New York defendant after they are brought together through the circuitous means of a third party complaint and then an amended main complaint, whereas had the procedure been direct no jurisdiction would have existed. Jurisdiction cannot be based upon any theory of an ancillary proceeding, for by reason of the amended complaint there no longer is any main action in which diversity exists. Nor does this case fall within the principles of the rule that once having had jurisdiction, this Court retains jurisdiction. Here there never was jurisdiction over any claim of the plaintiff against Lorrac Real Estate Corporation. Moreover, to accept jurisdiction herein might open the door to circumvention of the diversity rule by use of a friendly original defendant."

Appellee also contends that appellant's cause of action asserted herein was a compulsory counterclaim under the provisions of Rule 13(a), F.R.C.P. A reading of that rule reflects that such is not the case because Rule 13(a) specifically excludes a counterclaim if it requires the presence of a third party over whom the Court cannot acquire jurisdiction. Likewise, Rule 13(h) which relates to bringing in additional parties (as it is now written) provides that additional parties may be brought in only in accordance with Rules 19 and 20, F.R.C.P. Rule 19(a) now provides that it is only applicable if such joinder will not deprive the Court of jurisdiction. These provisions were originally part of Rule 13(h), but the latest revision inserted the same in Rule 19(a) and amended Rule 13(h) to refer to Rule 19(a), F.R.C.P. It appears that had Sinton amended its complaint so as to make Ellis a defendant in the federal case, it would have destroyed the court's jurisdiction, Baltimore & O. R. Co. v. Saunders, 159 F.2d 481 (4 C.A.1947).

It also appears that Rule 13 is not applicable here because, by very definition a "counterclaim" is a claim presented by a defendant in opposition to or deduction from the plaintiff's claim. See Kauffman v. Kebert, 16 F.R.D. 225 (D.C.Pa., W.D. 1954).

Appellee's position that the judgment in the federal case is res judicata as to the instant case is not supported by either the federal rules of civil procedure or federal case law. Nor can appellee's position be sustained under applicable Texas law.

Appellee's contention that he was in privity with Westchester in the federal case so that res judicata would apply against Sinton is also without merit. In Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387 (1946), the court held in part as follows:

> "It appears to be a recognized principle of law that where, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties from relitigating the same issue in a subsequent suit between the same parties, even though the subsequent suit is upon a different cause of action. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330. It is also true

that the protection of such a decision as well as its restrictions extend not only to the immediate parties to the suit but also to those who stand in privity with them. 'Privity, in this connection means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action.' Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044, 1046; 34 C.J. 973, sec. 1391.

It is equally well settled, however, that such a judgment is not binding upon those who were not parties thereto or who are not holding in privity thereto. Campbell v. McLaughlin, Tex.Com.App., 280 S.W. 189."

When the above-mentioned definition of privity is applied in this case it is apparent that appellee's contention in such respect is not well taken. The federal case was instituted by Sinton to recover on a bond issued by Westchester to Sinton which indemnified Sinton against loss by reason of any fraudulent, dishonest or criminal acts on the part of any of its employees. Ellis was not a party to the contract between Sinton and Westchester, nor did he furnish the bond. To the contrary the bond was one provided for by Art. 852a, Sec. 3.05, Vernon's Ann.Civ.St., for the protection of Sinton and its depositors. Whatever rights Ellis had were not derived through or under Westchester, nor did they accrue subsequent to the commencement of the action in the federal case, hence privity was lacking between Westchester and Ellis. Sinton had a right to sue Westchester in the federal court on Westchester's bond, and the liability of Ellis to Sinton did not depend on the federal case. After disposition of the federal case Sinton was entitled to institute a state court suit against Ellis for losses it could establish due to Ellis'

conduct for which Sinton had not been reimbursed.

The doctrine of res judicata is not applicable in the instant suits so as to bar recovery by Sinton. In the federal case Ellis was not a party to the suit between Sinton and Westchester and was not in privity with Westchester. The summary judgment against Sinton cannot be supported on the basis contended for by appellee as to res judicata and privity.

We therefore, sustain appellant's contention that the order of dismissial with prejudice in the federal case is not res judicata of the cause of action asserted by Sinton in the present case.

■ We next consider the question of whether because the order of dismissal with prejudice in the federal case Sinton is estopped from asserting its cause of action in the instant case (involving appellant's points 3, 5 and 7). The record here shows that the federal case was not actually tried, but was settled by agreement of the parties without findings of the court. In that situation the judgment in the federal case did not bind the parties on any particular issue and the doctrine of collateral estoppel is not applicable in the instant case. See Lawlor v. National Screen Service Corporation, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); United States v. International Bldg. Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953); Rose v. Bourne, Inc., 172 F.Supp. 536 (U.S.D.C., S.D.N.Y.1959).

In view of the disposition made of appellant's above-mentioned points, discussion of its point 2 becomes unnecessary.

Appellee Ellis, the successful movant for summary judgment, was not entitled to summary judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure, Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965).

The summary judgment rendered by the trial court will be reversed and the cause remanded for trial.