No. A–552 (72–640). OREGON STATE ELKS ASSN. ET AL. *v.* FALKENSTEIN ET AL. D. C. Ore. Application for stay of judgment presented to MR. JUSTICE DOUGLAS, and by him referred to the Court, denied.

MR. JUSTICE DOUGLAS, dissenting.

A three-judge court has declared Oregon's tax exemption to the Benevolent and Protective Order of Elks unconstitutional because the Elks Lodge in question practices racial discrimination in membership selection. The Elks Lodge seeks to have the judgment of the three-judge court stayed pending its appeal to this Court, not on the merits, but from denial of its application to intervene. If the Elks Lodge could intervene as a matter of right, the order of the court denying intervention is generally appealable. *Sutphen Estates, Inc.* v. *United States,* 342

U. S. 19, 20; *Cascade Natural Gas Corp.* v. *El Paso Natural Gas Co.,* 386 U. S. 129, 132–136. The ground of intervention is the inadequacy of the representation of their interests by the Oregon tax authorities in the litigation.

The cases cited above were not appeals from a three-judge court but appeals from a single district judge in antitrust cases, where appeal lies to this Court from "the final judgment." 32 Stat. 823, as amended, 15 U. S. C. § 29. Title 28 U. S. C. § 1253, however, gives the right of appeal to this Court to "any party" where there has been an order "granting or denying" an injunction by a three-judge court.

Applicants were not parties; they are only seeking to be made parties. Whether such persons are "any party" within the meaning of § 1253, so far as unsuccessful intervenors are concerned, seems not to have been decided by this Court. The Voting Rights Act of 1965, 79 Stat. 437, 42 U. S. C. § 1973 *et seq.,* gives the District Court for the District of Columbia, sitting in a panel of three, the right to sit on and determine the issues in those cases. 42 U. S. C. § 1973b. And it is provided that the court is constituted the same as the other three-judge courts, since § 1973b refers to 28 U. S. C. § 2284, under which the three-judge court in the Oregon case was constituted. And the Voting Rights Act of 1965 provides that "any appeal shall lie to the Supreme Court." *Ibid.* It is therefore arguable that "any appeal" under the Voting Rights Act is restricted to those who are parties.

On November 6, 1972, we postponed the question of jurisdiction to the merits in No. 72–129, *NAACP* v. *New York.* That case raises the question whether the NAACP, which was denied intervention by a three-judge court sitting in a case under the Voting Rights Act of 1965, may appeal to this Court. That issue has not been resolved.

Even if we were to decide that applicants are "any party" within the meaning of § 1253, that section still permits appeal to this Court only from the grant or denial of an injunction, whereas the Voting Rights Act refers to "any appeal." It would appear, then, that regardless of our decision in *NAACP* v. *New York,* the appeal in this case should have been taken to the Court of Appeals. In that event, applicants also should apply to that court for a stay.

Finally, applicants allege that they will lose their right to appeal on the merits if the final judgment below has not been stayed, even if they are successful on appeal from the denial of intervention. That result, however, is problematical. See *Cascade Natural Gas Corp.* v. *El Paso Natural Gas Co., supra,* where we vacated the judgment below upon reversing the order denying intervention.

Since we decided to review *NAACP* v. *New York,* I would grant the stay.