**Robert FRANCIS et al., Appellees,**

**v.**

**The CHAMBER OF COMMERCE OF the UNITED STATES, Appellant.**

**No. 72–1537.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1973.

Decided June 20, 1973.

Jeffrey S. Goldman, Chicago, [illegible] ton A. Smith, Gen. Counsel, O. F. Wenzler, Labor Relations Counsel, Chamber of Commerce of the United States of America, Washington, D. C., Gerard C. Smetana, Lawrence M. Cohen, Lederer, Fox & Grove, Chicago, Ill., William A. Grimes, Ober, Grimes & Shriver, Baltimore, Md., Alan Raywid and Cole, Zylstra & Raywid, Washington, D. C., on brief), for appellant.

C. Christopher Brown, Baltimore, Md., for appellees.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The United States Chamber of Commerce appeals to this court after being denied leave to permissively intervene in litigation before a three-judge district court in Francis v. Davidson, 340 F. Supp. 351 (D.Md.1972), summarily affirmed without opinion, 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972). The Chamber argues that it should have been allowed to intervene as of right under F.R.C.P. 24(a), or, alternatively, that the district court abused its discretion in denying it permissive intervention under F.R.C.P. 24(b). We find no merit in the contentions set forth by the Chamber and dismiss the appeal.

The original action was brought by the plaintiffs against state officials to have the state officials enjoined from enforcing a state regulation that prevented plaintiffs from receiving AFDC–E benefits.[1] They alleged that

---

1. AFDC-E is a program providing aid for children in a family in which the father is unemployed. See 42 U.S.C. § 607. The program is administered by the States under regulations promulgated by the Department of Health, Education and Welfare (HEW). See 45 CFR § 233, et seq., especially 45 CFR § 233.100(a)(1). In the instant case, Francis was denied AFDC-E benefits under Rule 200 X.A. of the Social Services Administration, Department of Employment and Social Services, of the State of Maryland, because he did not qualify for unemployment insurance under Maryland law. He did not qualify for unemployment insurance because he was on strike. See Md. Ann. Code 95A, § 6(e), (1969 Repl. Vol.). Being qualified for unemployment insurance was a prerequisite to receiving AFDC-E benefits under Maryland Rule 200 X.A. For a more complete explanation of the background, see Francis v. Davidson, supra.

the Maryland procedure violated an HEW regulation, 45 CFR § 233.100(a), and that it denied them equal protection under the Fourteenth Amendment. The district court rejected the equal protection argument. 340 F.Supp. 351, 363–364. The court held, however, that the Maryland procedure did violate the HEW regulations and, therefore, plaintiffs were entitled to AFDC–E benefits. 340 F.Supp. 351, 364–371.

The Chamber sought to participate in the above litigation as an intervenor or, alternatively, as *amicus curiae*. The Chamber sought to advance the argument that the Maryland procedure was valid because, by reason of the Supremacy Clause of the Constitution and the national labor policy, a state was obligated to deny AFDC–E benefits to strikers in order not to violate an employer's right to bargain collectively, free from state interference. The district court allowed the Chamber to file an *amicus* brief and to take part in oral argument, but it denied the Chamber's petition for permissive intervention under F.R.C.P. 24(b).[2]

■ We are of opinion that this court has jurisdiction to hear this appeal. 28 U.S.C. § 1253 allows a direct appeal to the United States Supreme Court only in cases where a properly convened three-judge district court has either granted or denied an injunction. Since the instant appeal is from a denial of a petition for intervention and not from the denial of an injunction, we believe this is the proper forum in which to contest the decision. See Mr. Justice Douglas' dissent in Oregon State Elks Ass'n. v. Falkenstein, 409 U.S. 1032, 93 S.Ct. 530, 34 L.Ed.2d 484 (1972); Cf. Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970).

■ The Chamber's first contention is that the district court should have allowed it to intervene as a matter of right under F.R.C.P. 24(a).[3] However, it did not petition for leave to intervene under Rule 24(a) and never brought this matter to the attention of the district court. Under these circumstances, it may not now assert this contention for the first time in this court. McGowan v. Gillenwater, 429 F.2d 586 (4th Cir. 1970). Therefore, we reject this contention.

■ The Chamber's next argument is that since it met all the requirements of Rule 24(a), it was an abuse of discretion by the district court not to allow it to permissively intervene under Rule 24(b).[4] We believe this position to be without merit.

■ While we acknowledge the rule that a denial of permissive intervention may be reversed only for an abuse of

2. Francis v. Davidson, supra. 340 F.Supp. 355 fn. 7.

3. Rule 24. Intervention.
"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

4. Rule 24(b):
"(b) Permissive Intervention. Upon timely application anyone may be per-

mitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order, administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
See Wolpe v. Poretsky, 79 U.S.App. D.C., 144 F.2d 505, esp. 508 (1944).

discretion by the district court,[5] we do not believe such abuse existed in this case. Assuming, without deciding, that the Chamber established independent jurisdictional grounds to support its defense [6] and alleged a sufficient interest [7] in the transaction which was the subject of the litigation in the district court, we do not believe that it is so situated that the disposition of the matter will, as a practical matter, impair or impede its ability to protect its interest.[8]

The Chamber admits that if the decision of the district court is sustained, it will not be precluded from later pressing its interests in another suit. It contends that even though it is not bound by the decision it will be disadvantaged in any further suit which it might bring because the district court's ruling would influence the court in which the new suit would be brought. The Chamber also says that a new action will be difficult to initiate because the mootness doctrine enunciated by the Third Circuit in Super Tire Engineering Co. v. McCorkle, 469 F.2d 911 (3rd Cir. 1972), would require an in-progress strike of sufficient duration to permit the completion of a trial and an appeal.

The answer to the above contentions is that the district court's ruling on the Chamber's *amicus* argument was, at most, mere *dicta* and not binding on anyone. The district court did not rule on the merits of the Chamber's contention; its only *holding* was that the Chamber would not be permitted to intervene. In view of the fact that the district court's discussion of the Chamber's position was *dicta*,[9] we fail to see

5. See Railroad Trainmen v. B&O Railroad, 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L. Ed. 1646 (1947); Allen Co. v. Cash Register Co., 322 U.S. 137, 142, 64 S.Ct. 905, 88 L.Ed. 1188 (1944); State of North Carolina v. Southern Ry. Co., 30 F.2d 204 (4th Cir. 1929), cert. den. 279 U.S. 858, 49 S.Ct. 352, 73 L.Ed. 999 (1929); Martin v. Kalvar Corporation, 411 F.2d 552 (5th Cir. 1969); 7A Wright & Miller, Federal Practice and Procedure, § 1923, pp. 630–632. But, see Radford Iron Co. v. Appalachian Electric Power Co., 62 F.2d 940 (4th Cir. 1933), cert. den. 289 U.S. 748, 53 S.Ct. 691, 77 L.Ed. 1494 (1933).

6. When a party seeks permissive intervention, as here, he must generally establish independent jurisdictional grounds to support his claim or defense. Babcock & Wilcox Company v. Parsons Corporation, 430 F.2d 531 (8th Cir. 1970) and cases cited therein; see Beard-Laney, Inc. v. Pressley, 18 F.R.D. 162 (W.D.S.C.1955). 7A Wright & Miller, Federal Practice and Procedure, § 1917. There are exceptions to this general rule, but it is doubtful that the Chamber comes within them. See Wright & Miller, supra, for an explanation of the exceptions to the rule.

7. We question whether the Chamber sufficiently alleged a significantly protectable interest in the litigation in this case so as to come within the interest requirement of Rule 24(a). See Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). We also question the Chamber's standing to intervene as a party under Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), since it failed to allege or show that any of its members were engaged in a strike with their employees and that some of these employees were eligible for AFDC-E benefits. However, since we believe that the Chamber fails to meet the practical impairment requirement of Rule 24(a), we do not reach the merits of the above issues.

8. This is a requirement of Rule 24(a). Prior to the 1966 amendment of Rule 24, the rule was that a party could not intervene under 24(a) unless it might be bound by the judgment in the pending action. The term bound was interpreted to mean bound in the *res judicata* sense. The Rule now requires only that the "disposition of the action may as a practical matter impair or impede his (the applicant's) ability to protect that interest." This was designed to liberalize the right to intervene in federal actions. Thus, in a proper case, *stare decisis* by itself may furnish the practical disadvantage required under 24(a). See Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 701 (1967); 7A Wright & Miller, Federal Practice and Procedure, § 1908. However, we do not think that the present controversy is such a case. We especially note that there is no class of defendants of which the Chamber is a member.

9. "The permissive nature of such intervention necessarily implies that, if inter-

how it might be impaired or impeded in asserting its position in some future litigation. Cf. Credits Commutation Co. v. United States, 177 U.S. 311, 20 S.Ct. 636, 44 L.Ed. 782 (1900). Concerning the mootness issue, we express no view at this time as to the correctness of the decision in *Super Tire Engineering Co.*, supra. Thus, the Chamber must only meet the requirement of Article III of the Constitution and present a case or controversy to the court in any future litigation. Since this is a burden that rests upon every party involved in litigation in a federal court,[10] we do not feel it too heavy. Accordingly, we believe that the Chamber failed to meet the practical impairment requirement of Rule 24(a). Its contention that the district court abused its discretion by denying permissive intervention because it met the requirements of Rule 24(a) must fail.

■ The Chamber's final argument is that, even if it did not meet the requirements of Rule 24(a), the district court abused its discretion by rejecting the Chamber's position and then denying it party status. It apparently argues that the district court ruled on the merits of its position. As we said above, the district court held only that the Chamber's position did not warrant permissive intervention. Cf. *Credits Commutation Co.*, supra. Anything said there with regard to the Chamber's substantive position was *dicta*. The Chamber has failed to demonstrate how its interest has been prejudiced or how the district court abused its discretion.

We are of opinion the statement by the Supreme Court in Sutphen Estates v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19 (1941), should apply here:

"Permissive intervention is governed by Rule 24(b). But we have said

enough to show that the claim of injury to appellant is too speculative and too contingent on unknown factors to conclude that there was an abuse of discretion in denying leave to intervene. The court had ample reason to prevent the administration of the decree from being burdened with a collateral issue that on this record can properly be adjudicated elsewhere." 342 U.S. 19, 23, 72 S.Ct. 14, 17.

On the whole case, we are of opinion that the decision of the district court was not an abuse of its discretion under Rule 24(b). Accordingly, we dismiss the appeal.[11]

Appeal dismissed.

---

vention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case." Railroad Trainmen v. B&O Railroad, 331 U.S. 519, 524, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646 (1947).

10. See North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

11. See 7A Wright & Miller, Federal Practice and Procedure, § 1923, pp. 626–630.