## SUTPHEN ESTATES, INC. *v.*
## UNITED STATES ET AL.

No. 25.  Argued October 11, 1951.—Decided November 5, 1951.

*H. G. Pickering* argued the cause for appellant. With him on the brief was *Bertram F. Shipman.*

*Charles H. Weston* argued the cause for the United States. With him on the brief were *Solicitor General Perlman* and *Assistant Attorney General Morison.*

*Joseph M. Proskauer* argued the cause for Warner Bros. Pictures, Inc. et al., appellees. With him on the brief were *R. W. Perkins* and *Harold Berkowitz.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Rule 24 (a) of the Federal Rules of Civil Procedure provides in part as follows:

"(a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

Appellant claims intervention of right in the Sherman Act proceedings involving the reorganization of certain producers and distributors of motion picture films whose activities had been found to violate the Act. See *United States* v. *Paramount Pictures, Inc.,* 334 U. S. 131. If appellant may intervene as of right, the order of the court denying intervention is appealable. See *Railroad Trainmen* v. *B. & O. R. Co.,* 331 U. S. 519, 524; 32 Stat.

823, as amended, 15 U. S. C. (Supp. II) § 29. It was to resolve that question that we postponed the question of our jurisdiction of the appeal to the hearing on the merits.

The present controversy stems from the reorganization of Warner Bros. Pictures, Inc., pursuant to a decree of the court in the Sherman Act proceedings. Under this decree provision is made for the divorcement of Warner's theatre business from its production and distribution business. The various steps in the reorganization are not material here. It is sufficient to note that according to the plan the stockholders of Warner will vote a dissolution of Warner. Two new companies will be formed, one to receive the theatre assets, the other to receive the production and distribution assets. Each of the new companies will distribute its capital stock pro rata to Warner's stockholders.

Warner is a guarantor of a lease of theatre properties made by appellant to a subsidiary of a subsidiary of Warner. The lease, executed in 1928 and modified in 1948, is for a term of 98 years. The plan of reorganization submitted to the stockholders provides, as we read it and as construed by counsel for appellees on oral argument, that liabilities of the class in which the guaranty falls will be assumed by the new theatre company. Appellant seeks intervention to protect its guaranty.

There is intervention as of right under Rule 24 (a) (2) "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." Appellant, however, is not a privy of Warner; its rights not only do not derive from Warner, they are indeed adverse to Warner. The decree in this case, like that in *Credits Commutation Co.* v. *United States,* 177 U. S. 311, therefore is not *res judicata* of the rights sought to be protected through intervention.

Nor is appellant entitled to intervene as of right by reason of Rule 24 (a) (3). It is true that this is a case of "a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court . . ." within the meaning of Rule 24 (a) (3). For it is the authority of the court under the Sherman Act that sanctions and directs the reorganization. *United States* v. *Paramount Pictures, Inc., supra,* pp. 170 *et seq.* Appellant argues that it is "adversely affected" by the disposition of the property. It points out that under the plan its guarantor is dissolved and his property divided among two new companies, only one of which assumes the guarantor's liabilities under the lease. It argues that it is entitled to a judicially ascertained equivalent for the Warner guaranty. And it claims that in this case that equivalent would be a guaranty by each of the new companies.

We do not think, however, that on this record appellant has shown that it will be "adversely affected" by the reorganization within the meaning of Rule 24 (a) (3). It will have the guaranty of the new theatre company. No showing is made or attempted that that company lacks the financial strength to assume the responsibilities of the guaranty. No showing is made or attempted that the contingent liability under the guaranty is so imminent and onerous as to make the guaranty of the new company substantially less valuable than the guaranty of Warner's. For all we know, a guaranty of a company in the theatre business, freed from the hazards of the production and distribution business, may be even more valuable than the guaranty of Warner's. We do not pass here on the fairness of the plan of reorganization. Cf. *Continental Co.* v. *United States,* 259 U. S. 156. We hold only that appellant has not maintained the burden of showing that under Rule 24 (a) (3) it may intervene as of right.

Permissive intervention is governed by Rule 24 (b). But we have said enough to show that the claim of injury to appellant is too speculative and too contingent on unknown factors to conclude that there was an abuse of discretion in denying leave to intervene. The court had ample reason to prevent the administration of the decree from being burdened with a collateral issue that on this record can properly be adjudicated elsewhere. The appeal is therefore

*Dismissed.*

MR. JUSTICE JACKSON, MR. JUSTICE CLARK, and MR. JUSTICE MINTON took no part in the consideration or decision of this case.

MR. JUSTICE BLACK, dissenting.

Warner Brothers, Inc., has been guarantor on a lease of theater properties made by appellant Sutphen Estates. Under a court decree of dissolution Warner is to be split up into two companies, only one of which will expressly assume the Warner guarantee to Sutphen. Sutphen's lease can no longer be guaranteed by the combined assets of the illegal corporation we have ordered dissolved. Perhaps it is inevitable that the guarantee will be impaired to some extent, but we should insure that Sutphen suffers no more than its fair share of whatever losses may result from the enforcement of the antitrust laws.

I am of the opinion that the issue of impairment can best be and should be determined by the District Court as a part of the dissolution proceedings. Furthermore, I cannot assent to an opinion that permits this question of impairment to remain open for adjudication elsewhere at some indefinite time in the future.

Dissolution of Warner, which we have ordered, cannot be completely consummated if the decree leaves in doubt whether both new companies are jointly obligated on

24

Sutphen's lease. Cf. *Continental Insurance Co.* v. *United States,* 259 U. S. 156, 173–174. Surely, if we have the power to order a dissolution to prevent Sherman Act violations, we have power to insure that the newly created companies are permanently and totally disinterested in each other's future activities, and are in no way united by past obligations.