**KIMBERLY KNITWEAR, Inc., Jack Lazar and Helen Lazar, Plaintiffs,**

v.

**Renee Y. HALL, Defendant.**

United States District Court
S. D. New York.
Feb. 15, 1957.

Cooper, Dunham, Dearborn & Henninger, New York City, for plaintiffs, William R. Liberman, John N. Cooper, New York City, of counsel.

V. Alexander Scher, New York City, for defendant.

Bader & Bader, New York City, for Lass O'Scotland, Ltd., applicant for intervention.

DAWSON, District Judge.

This is a motion pursuant to Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for an order permitting the petitioner, Lass O'Scotland, Ltd., to intervene in the above entitled action. The motion is made on the ground that said intervenor may be bound by a judgment in the action with respect to the third counterclaim interposed by defendant, Renee Y. Hall, and on the ground that representation of intervenor's interest in the action to that extent may be inadequate.

The action is one for a declaratory judgment with reference to the claimed invalidity of United States Patent No. 2,222,946 apparently owned by defendant Hall. The applicant for intervention admits that so much of the action as relates to the validity of the patent is of no interest to the petitioner.

It appears, however, that defendant Hall on January 31, 1957 interposed a third counterclaim which pleads a cause of action based upon allegations that this defendant had been damaged by activities of the plaintiffs which were violative of the anti-trust laws and in which defendant seeks damages against the plaintiffs. It also appears that there is another action pending in this Court (Civil 108–209) where Lass O'Scotland, Ltd. is suing the present plaintiffs for damages alleged to have been occasioned by their violation of certain provisions of the anti-trust laws. We therefore have a situation where the plaintiff in one anti-trust action seeks to intervene in another anti-trust action brought by entirely different persons, but wherein a counterclaim exists based upon similar alleged violations of the anti-trust laws.

So far as the allegations in the counterclaim assert that in violation of the anti-trust laws plaintiffs in the present action were engaged in an unlawful conspiracy in restraint of trade, it is true that common questions of law and fact might be involved in both the trial of the counterclaim in the present action and the other action in which Lass O'Scotland is plaintiff. Where such common questions of law and fact exist intervention might be granted in the discretion of the Court, but in exercising this discretion the Court is directed to consider whether permitting the intervention would unduly delay the trial of the original action. Fed.Rules Civ.Proc., rule 24(b).

A person may intervene as of right in a pending action only when he may be bound by the judgment in the action and his representation by existing parties may be inadequate. Fed. Rules Civ.Proc., rule 24(a). Certainly a determination of the anti-trust counterclaim in the present action will not be binding in the entirely different anti-trust action brought by Lass O'Scotland, for the parties are different, the facts may be different, and the claims for damages of the respective parties must certainly be different. It would indeed

be a remarkable situation if we were to hold that a party would be barred from maintaining a successful action under the anti-trust laws simply because another party in another suit and claiming only damages to it had been unsuccessful in winning its case. Petitioner will not be bound by whatever determination is made of the counterclaim in the present action and it has therefore not established that it may intervene in the action as of right. Sutphen Estates, Inc., v. United States, 1951, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19. See, generally, Note, 63 Yale L.J. 408 (1954).

 Permissive intervention should be granted, as has been pointed out, only if it will not unduly delay the trial of the original action. This action was filed in September, 1954. On the day this motion was argued, the action was No. 22 on the Ready Day Calendar of Non-jury causes and in the ordinary course of events would be sent out for trial within the next week or two. In fact, when Judge Weinfeld granted the motion permitting the third counterclaim to be added to the answer his order provided:

> "* * * that the motion to amend the answer as herein granted shall not cause or be ground for any application for delay of the trial of this action."

The present action has therefore been pending for a considerable period of time and is about to go out to trial. If granting the intervention would delay the trial of the action this is a fact which must be considered by the Court in determining whether such permissive intervention should be allowed. That granting the intervention would delay the trial seems to be admitted. The petitioner for intervention admits that it is not ready to go to trial. In fact, in its prayer for relief it asks that it be granted sufficient time in order to carry out all the necessary pre-trial discovery proceedings and that the trial be stayed until such pre-trial proceedings are concluded.

The equities do not justify granting such permissive intervention with the consequent delay in the trial of the present action. The petition for intervention seems to present essentially a situation where a plaintiff who has one anti-trust proceeding pending in this Court is seeking to latch on to another action and to try his claim in that action. Plaintiff will have its day in court but it should not delay the trial of the present action.

Motion denied. So ordered.