LUCKENBACH STEAMSHIP COMPANY, Inc., as owner of THE S.S. ROBERT LUCKENBACH and as bailee of the cargo laden thereon, Libelant,

v.

PANAMA CANAL COMPANY, a corporation, Respondent.

No. 4656.

United States District Court
D. Canal Zone,
Division Balboa.

Sept. 8, 1961.

Burlingham, Hupper & Kennedy, New York City and de Castro & Robles, Balboa, Canal Zone, for plaintiff.

General Counsel of the Panama Canal Company, David J. Markun, Chief Counsel, and Theodore P. Daly and Paul T. Dunn, Trial Attys., Balboa Heights, Canal Zone, for Panama Canal Co.

CROWE, District Judge.

This is an action which was begun to recover damages allegedly sustained by the S.S. Robert Luckenbach and her cargo when the vessel grounded in Gamboa Reach on March 24, 1955 while under the control and command of a Panama Canal Company pilot.

The libelant alleges that the damage incurred in part as a result of the negligence of the pilot and in part as the result of the negligence on the part of the Panama Canal Company in conducting the salvage operations from March 24 to March 27, 1955.

The libel was filed on March 24, 1958, more than two years after the causes of action arose.

The respondent made a motion to dismiss the libel on the ground that the two year period of limitation prescribed by 28 U.S.C. § 2401(b) in tort actions against the United States had expired prior to the time of the filing of the libel, and that the action is therefore barred.

Libelant defends its position by asserting that the action was brought within the three year time for suit provision under the Canal Zone Code, Title 4, Section 85, and thus it is not barred by limitations or laches.

The parties and the Court agree that this is an action in maritime tort and about the only question upon which there

is a real difference of opinion in their extensive briefs is whether or not Section 2680, Title 28 of the United States Code, as amended, excludes the Panama Canal Company to the extent that it is not embraced by the two year limitations set out in Section 2401(b) of that title.

Section 2680 of Title 28 of the United States Code, as amended, provides as follows:

"2680 *Exceptions*

"The provisions of this chapter and 1346(b) of this title shall not apply to—

\*    \*    \*    \*    \*

"(m) Any claim arising from the activities of the Panama Canal Company."

Respondent's argument is that Section 2401(b) of Title 28 is a general statute of limitations so far as suits against the United States are concerned since the revision of the Judicial Code in 1948, and instead of being a limitation only to tort claims, brought against the United States under the Tort Claims Procedure, is general enough to embrace all torts of both civil or maritime nature brought against the United States, and that the Panama Canal Company, as an agency of the Government, is entitled to protections usually accorded the United States in litigations.

The argument of the libelant is that the provisions of 28 U.S.C. § 2401(b) are not applicable, and they cite extensive correspondence in the legislative history leading to the amendment of the Tort Claims Act in 1949 when Section 421 of the Act was amended so as to exclude all claims against the Panama Railroad Company.

■ This Court is of the opinion that the provision excluding the Panama Canal Company from the Tort Claims Act takes it out from under the two year statute of limitations, and that the three year statute of limitations set up in the Canal Zone Code is applicable. I do not mean that this Court should be any more restricted in applying the three year lim-

itation time than other admiralty courts, and it is well settled that such is not the procedure in admiralty.

"It is well settled, however, that laches as a defense to an admiralty suit is not to be measured by strict application of statutes of limitations; instead, the rule is that "the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case." Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 951, 100 L.Ed. 1387; The Key City, 14 Wall. 653, 20 L.Ed. 896; Gardner v. Panama R. Company, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31.

The respondent argues that under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., the time within which suits must be commenced is two years and that the same limitation is incorporated by reference in the Public Vessels Act, 46 U.S.C.A. § 781 et seq. and asserts that if Section 2401(b) does not apply to tort claims against the Panama Canal Company, the Panama Canal Company would be the only Government agency without protection of a fixed period of limitation in admiralty actions as it is specifically excluded from the application of either of these Acts and must be proceeded against under Section 10, Title 2 of the Canal Zone Code, as amended.

I can find no inconsistency here for actually Congress has provided limitations in the Canal Zone Code. Congress is the legislative body that acts for the Canal Zone, which has no state legislature nor any other local legislative body, as do the fifty states. The admiralty court here, then, does not rely upon States' statutes to use as gauges to determine laches but has for limitations a Congressional Act passed with all of the dignity and Congressional intent that might be behind the adoption of the Suits in Admiralty Act or the Public Vessels Act, the only difference being that it is more limited in its scope.

In fact the limitations set up in the Public Vessels Act, Title 46, § 789, U.S.

C.A., are not as well defined as in the situation in the Canal Zone because the "limitations of liability accorded by law to the owners, charterers, operators or agents of vessels" must be determined in each instance.

The Court is of the opinion that Gardner v. Panama R. Co., supra, clearly supports its position that admiralty actions against the Panama Canal Company, successor to the Panama Railroad Company, are governed by the three year limitation provision in the Canal Zone Code and not by the two year time provision of Section 2401(b) of Title 28 U.S.C. This opinion was rendered on November 5, 1951, several years after the revision of the Tort Claims Act of 1948, and the Supreme Court was fully aware of the exclusion of the Panama Railroad Company, a corporation solely owned by the United States, and in fact based its opinion partly upon the legislative history of the passage of Public Law 172 securing the exclusion of that corporation from the Tort Claims Act.

"In our view, the amendment permitted outstanding claims upon which suit has been instituted against the United States to be enforced by prompt proceedings directly against the Company. The petitioner followed this course. The interpretation would seem to be sustained by the statement of the company's president when he endorsed the passage of Public Law 172, securing the exclusion of respondent from the Tort Claims Act, at which time he said that though the Act embraced 'claims against the Panama Railroad Company,' its provisions were not well designed to expedite the redress of such injuries, and that Congress should enact Public Law 172 'to continue unimpaired * * * the amenability of the Company to suit in the ordinary course.'" [342 U.S. 29, 72 S.Ct. 14.]

The argument of respondent that Panama Canal Company is a corporate agency and instrumentality of the United States and entitled to the protection usually accorded the Government in litigation is perfectly sound, but in this instance the entity is specifically excluded from the provisions of the Tort Claims Act by Congress and thus, to hold that it is governed by the provisions of the Canal Zone Code in no wise violates this legal concept.

The Court does not think that the plain meaning of Section 2401(b) is such as to preclude the admissibility of the legislative history to determine its applicability.

It is admitted that prior to the 1948 revision, Section 2401(b) did not apply to Panama Canal vessel accident suits, but it is argued by respondent that when the Federal Tort Claims Act was "broken up" in 1948 and reenacted as part of Title 28 of the U.S.Code, the period of limitation on tort suits was treated separately from the Tort Claims Procedure and stated as a separate, fundamental and general limitation of suits against the Government. Respondent argues further that the exception of the Panama Railroad Company first, and later on, The Panama Canal Company, was merely an exception from the Tort Claims Procedure. This admitted change in arrangement of words and alleged change of meaning leads me to but one conclusion, that the only true source of its intended application is its legislative history.

Further substantiation of my view that the limitation provisions in the Canal Zone Code should be applicable rather than the limitation embraced in Section 2401(b) of the United States Code is the need for conformity. It would at least be disruptive for the Panama Canal Company, a corporation with the power to sue and be sued as a private corporation, to be governed by a limitation set out in the United States Code when the other procedure governing such a suit is prescribed by the Canal Zone Code. This is further emphasized by the fact that other corporations and persons functioning

within the Canal Zone, an area completely under the control of the Federal Government, are governed by the Canal Zone Code as to both limitation and other procedure.

■ I am not of the opinion that the general statute concerning practice and procedure under Title 7, Section 25 of the Canal Zone Code directing that the "practice and procedure" be the same in the United States District Court for the District of the Canal Zone as in the United States district courts is determinative for although limitations is procedural, the specific provision excluding the respondent from the application of the Tort Claims Act rules in this case under the well-known principle of law that in case of an apparent conflict between a specific provision and a general provision, the specific is held to govern.

The motion of respondent to dismiss is therefore overruled and the case is continued for further orders.