BURGER CHEF SYSTEMS, INC.,
Plaintiff,

v.

BURGER CHEF OF MICHIGAN, INC.,
Defendant,

Irving H. Small, Intervening Petitioner-
Appellant.

No. 15853.

United States Court of Appeals
Sixth Circuit.

July 24, 1964.

David P. Wood, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., and Charles E. Barker, Indianapolis, Ind., for plaintiff, on brief in support of motion to dismiss appeal.

Norman Rom, Detroit, Mich., for Irving H. Small, on answer to motion to dismiss appeal.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Burger Chef Systems, Inc., an Indiana corporation, brought this action against Burger Chef of Michigan, Inc., a Michigan corporation, seeking a determination of rights as between plaintiff and defendant as to certain matters arising out of a territory franchise agreement and suing for a money judgment. The case between plaintiff and defendant is still pending in the District Court.

Irving H. Small, a minority stockholder of defendant, filed a motion to intervene, to file a cross-complaint or counter-complaint and to add parties defendant, seeking certain relief against defendant and its officers and directors. Plaintiff opposed the motion to intervene on the ground that petitioner was seeking to litigate a minority stockholder action against the officers and directors of defendant, and that these issues, even if valid, were totally foreign to the issues framed by the complaint and answer. District Judge Ralph M. Freeman denied the motion to intervene, saying:

"Actually, the main thrust of the motion for leave to intervene here * * * is that the petitioner is seeking individual relief against these other stockholders, claiming principally that there was an illegal meeting held which ousted him as secretary of the defendant corporation, and that was an illegal meeting, and that it is the purpose and intent of the other stockholders to deprive him of his rights as a stockholder.

"That is a matter entirely unrelated to this suit. It introduces a wholly new action that could be litigated between the stockholders in a derivative action, or perhaps some other action."

Petitioner has undertaken to perfect an appeal to this court from the order of the District Court denying his motion to intervene. Plaintiff has filed a motion to dismiss the appeal upon the ground, among others, that the order of the District Court is not a final decision and is not appealable.

Moore's Federal Practice, § 24.15, states the applicable rule as follows:

"An order denying intervention is appealable if intervention was a matter of right. If intervention was permissive only, denial thereof is not appealable unless the court abused its discretion. It could seldom, if ever, be shown that the trial court had abused its discretion in denying the permissive right to intervene."

■ This rule is well settled. Sutphen Estates, Inc. v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19; Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co., 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646.

■ We hold that the petitioner is not entitled to intervene as a matter of right, and that the District Court did not abuse its discretion in denying the permissive right to intervene. It follows that the order from which petitioner seeks to perfect an appeal to this court

is not a final decision from which an appeal will lie. 28 U.S.C. § 1291.

The motion to dismiss the appeal is sustained and the appeal will be dismissed.