No. 21468.

ANTHONY E. REILLY *v.* BERTHA SELLERS, DEFENDANT IN
ERROR, AND JOSEPH M. BRENNAN, INTERVENER IN ERROR.
(398 P.2d 433)

Decided January 25, 1965.

No appearance for plaintiff in error.

No appearance for defendant in error.

Intervener in error, pro se.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the
Court.

ON January 3, 1961, Anthony Reilly brought suit against Bertha Sellers, contending that, in truth and in fact, he was the owner of certain shares of stock which Sellers had sold to a third party. Reilly requested judgment against Sellers for any monies received by her for the said stock; and sought to have a promissory note and contract, representing the balance of the sale price, impressed with a trust and deemed and decreed to be held in trust for his use and benefit.

Mrs. Sellers filed an answer denying the allegations of the complaint, and sought, by way of counterclaim, to obtain judgment against Reilly for monies she alleged were due her from him. Thereafter, and on October 26, 1961, one Joseph Brennan filed a petition to intervene, contending that he owned the stock in question and was entitled to the purchase price. After a hearing, the petition to intervene was denied on December 1, 1961.

Almost three years later, Reilly and Sellers settled their differences and on August 6, 1964, they filed a stipulation that the action be dismissed with prejudice. Judgment of dismissal was entered by the trial court on the same day.

Brennan thereupon sued out writ of error here, designating Reilly as plaintiff in error, Sellers as defendant in error and himself as intervener in error. In reality, the designation of parties is a misnomer as Brennan is in truth the plaintiff in error desiring review of the trial court's refusal to permit him to intervene, although he puts the matter rather obscurely.

The lawsuit in which Brennan sought to intervene in the lower court was terminated when the judgment of dismissal, upon stipulation, was entered by that court. It is apparent from the face of the petition to intervene that Brennan's rights, if any he had, were affected in no way, nor were they adjudicated by the judgment of dismissal entered in the trial court. Under such circumstances, he has no standing here. *Sutphen Estates, Inc.,*

*v. United States of America, Loew's Incorporated, Warner Bros. Pictures, Inc., et al.,* 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19; *Brotherhood of R. Trainmen v. Baltimore & O. R. Co.,* 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646, 1649. The matter stands, as far as Brennan is concerned, as if the original suit by Reilly against Sellers had never been filed in the district court.

The writ of error is dismissed.

MR. JUSTICE SUTTON and MR. JUSTICE MOORE not participating.