## WASHINGTON TANKER CO.

v.

## PANAMA CANAL COMMISSION.

Civ. A. No. 85–4010.

United States District Court,
E.D. Louisiana.

Dec. 17, 1985.

David B. Lawton, New Orleans, La., for plaintiff.

Gregory C. Weiss, Asst. U.S. Atty., New Orleans, La., for defendant.

## ORDER AND REASONS

DUPLANTIER, District Judge.

In granting the motion to dismiss filed on behalf of defendant, Panama Canal Commission, we hold that the statute of limitations in the Panama Canal Code remains applicable to vessel accidents occurring in the canal subsequent to the effective date of the Panama Canal Treaty, which abolished the Panama Canal Zone.

Plaintiff, Washington Tanker Co., is the owner of the S.S. Mount Washington, which collided with an approach wall of the Miraflores Locks in the Panama Canal. At the time of the accident the vessel was under the exclusive control of a Panama Canal Commission pilot. The Board of Local Inspectors (22 U.S.C. § 3778 (1982)) conducted an inquiry and concluded that there was fault on the part of the Commission pilot and that plaintiff's vessel sustained damages in the amount of $58,500.00. Plaintiff never pursued its administrative claim against the Commission. In-

stead, plaintiff instituted this action 3 years and 77 days after the date of the accident. Jurisdiction is based upon 22 U.S.C. 3776 (1982), which authorizes suit against the Commission in this district.

In implementing the Panama Canal Treaty of 1977, Congress passed the Panama Canal Act of 1979, which abolished the Panama Canal Company and established in its place the Panama Canal Commission. The Act includes the following provision:

> The Commission shall promptly adjust and pay damages for injuries to vessels, or to the cargo, crew, or passengers of vessels, which may arise by reason of their passage through the locks of the Panama Canal under the control of officers or employees of the United States.

22 U.S.C. § 3771 (1982).

The Commission argues that, because the plaintiff's claim is created by statute, the claim is precluded by the three year limitation period set forth in the Canal Zone Code. C.Z. Code tit. 5, § 42 (1963):

> The periods for the commencement of actions are: ... Three years upon a liability created by statute,....

Plaintiff's threshold argument is that no provision of the Canal Zone Code is applicable to this action involving a claim which arose after the effective date of the Panama Canal Treaty of 1977, since the treaty abolished the Panama Canal Zone.

The Canal Zone Code, enacted by Congress in 1934, set forth the basic laws governing operations and activities in the Zone. C.Z. Code tit. 1, § 2 (1963). These laws applied generally to activities in the Zone, including activities of the Panama Canal Company, the corporate agency responsible for the administration of Canal Zone affairs. C.Z. Code tit. 2, § 61 (1963).

When the Panama Canal Commission was created, a number of provisions of the Canal Zone Code were repealed by Congress; those sections not expressly repealed[1] were preserved as part of what is now termed the "Panama Canal Code."

---

1. The Panama Canal Act contained a recommendation that legislation be submitted by the President to repeal the entire Canal Zone Code.

22 U.S.C. § 3602(d) (1982). However, that legislation has not yet been passed.

Panama Canal Act of 1979, Pub.L. No. 96–70 § 3303(b), 93 Stat. 455, 499. Among the provisions not repealed was Title 5, which includes the limitation provision in question. Also not repealed was Title 1, § 2 which provides that the Canal Zone Code applies throughout the Canal Zone. Congress declared in the 1979 Act that "for purposes of applying the Canal Zone Code ... to occurences ... after [the effective date of the Treaty] ... the words 'Canal Zone' shall be deemed to refer to the areas and installations in the Republic of Panama made available to the United States pursuant to the Panama Canal Treaty of 1977 ...." 22 U.S.C. § 3602(b)(1) (1982). The Treaty made available to the United States "the waters of the Canal ... for the purposes of the management, operation and maintenance of the Panama Canal ...." Panama Canal Treaty of 1977, Sept. 7, 1977, United States-Panama, art III T.I. A.S. No. 10031. Since the accident at issue occurred in the Panama Canal, the Code, with its limitation periods, applies.

Plaintiff argues alternatively that, if the Canal Zone Code is applicable, because a tariff governs transit of the canal, plaintiff's claim sounds in contract. Thus the four year statute of limitations for contract actions[2] in the Canal Zone Code applies, not the three year limitation for statutory-based claims. Absent the provision of 22 U.S.C. § 3771 already quoted, plaintiff's argument might be meritorious. But the statute is the specific source of the Commission's liability. The claim is "upon a liability created by statute." Thus the three year limitation period applies.

Understandably, in the relatively brief period since the effective date of the treaty, there is a dearth of reported decisions dealing generally with the continued applicability of the Code or specifically with its statute of limitations. However, in interpreting the predecessor provision of the former Canal Zone Code, the Fifth Circuit held the three year limitations period applicable to a maritime tort action against the

Panama Canal Company. *Luckenbach Steamship Co. v. Panama Canal Co.*, 196 F.Supp. 835 (D.C.Z.1961), *aff'd* 303 F.2d 252 (5th Cir.1962) (per curiam).

Judgment will be entered dismissing plaintiff's action at its cost.

---

**2.** The Code establishes a 4 year limitation for actions based on a "contract, obligation or liability founded upon an instrument in writing." C.Z. Code tit. 5, § 42(2)(A) (1963).