**Edward D. SMOKE, et al., Appellant,**

v.

**Gale A. NORTON, Secretary of the Interior, et al., Alma Ransom, et al., Appellees.**

Nos. 00–5061 and 00–5062.

United States Court of Appeals, District of Columbia Circuit.

Argued April 10, 2001.

Decided June 15, 2001.

Michael Rhodes–Devey argued the cause and filed the briefs for appellants. Phillip H. Tarbell, appearing pro se, entered an appearance.

Peter B. Work argued the cause for appellees. With him on the brief was Bradley S. Waterman.

Before: GINSBURG and HENDERSON, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge GINSBURG.

Concurring opinion filed by Circuit Judge HENDERSON.

GINSBURG, Circuit Judge:

The appellants moved to intervene in this case after the district court granted summary judgment against the Government — which had represented their interests in the proceedings below — and the Government indicated it might not appeal. The district court denied the appellants' motion as untimely. We reverse. The appellants had no occasion to intervene in order to protect their interests until after the judgment was entered. Hence, their motion was timely when made.

## I. Background

The appellants in this case claim to be officers of the Saint Regis Mohawk Tribal Government under a constitution they allege was adopted in 1995 to replace the Tribe's traditional Three Chief System of government. The appellees, who claim of-

fice pursuant to the Three Chief System, sought review under the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.,* of decisions of the Bureau of Indian Affairs (BIA) recognizing the new constitution as having been validly adopted by the Tribe, and of the Interior Board of Indian Affairs (IBIA) affirming that determination. In *Ransom v. Babbitt,* 69 F.Supp.2d 141 (1999), the district court recounts the history of the dispute that arose over which government and which slate of electors — those of the 1995 Constitution or those of the Three Chief System — were entitled to recognition. Ultimately, the court granted summary judgment for the appellees on the ground that the agencies' recognition of the 1995 Constitution was arbitrary, capricious, and contrary to law. *See id.* at 155.

As long as the United States was resolved to defend the decisions of the BIA and the IBIA in the district court, the appellants did not seek to intervene. After the district court granted summary judgment for the appellees, however, and before the Government decided not to appeal, the appellants moved to intervene "in order to ensure that the appeal from th[at] court's decision take place."

The district court, noting that the appellants did not specify what type of intervention — as of right, or permissive — they sought, observed that a motion for either type of intervention must be "timely." Fed.R.Civ.P. 24(a) & (b). The court then denied the appellants' motion as untimely because, "[h]aving foregone an opportunity to pursue intervention during the pendency of the action, the proposed intervenors now seek to inject additional arguments and materials into a very narrow review of agency action that had already

proceeded to the next stage." The appellants here seek reversal of the district court's order denying their motion to intervene so they may appeal from the underlying judgment.

## II. Analysis

■ The district court did not expressly decide whether the appellants' motion sought intervention as of right under Rule 24(a) or by permission under Rule 24(b). The court did, however, correctly enumerate the "four requirements for intervention [as of right] under Rule 24(a)(2): (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties." *See, e.g., Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd.,* 840 F.2d 72, 74 (D.C.Cir.1988). Because the appellants' motion to intervene and the affidavits filed in support of that motion focus upon the lack of adequate representation of their interests — a defining feature of intervention as of right — we consider the motion to have been made under Rule 24(a). *Compare* Rule 24(a)(2) *with* 24(b)(2).

■ The settled rule is that the "[d]enial of intervention as of right is an appealable final order" because it is conclusive with respect to the distinct interest asserted by the movant. *See Railroad Trainmen v. Baltimore & Ohio R.R. Co.,* 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947) ("since [a would-be intervenor as of right] cannot appeal from any subsequent order or judgment in the proceeding unless he does intervene, the order denying intervention has the degree of definitiveness which supports an appeal therefrom").* We review the district court's denial of a motion to intervene as of right

---

* Although we initially directed the parties to brief the question whether the summary judgment entered in this case is itself an appealable, final order (and the appellees argue it is

not because it remands the case to the BIA for further proceedings requiring the exercise of discretion), we conclude that the answer to that question does not bear upon the narrow

for clear error. *See Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C.Cir.1981). The district court has much latitude in assessing the timeliness of a motion, but it must properly take account of the considerations relevant to that determination. In particular,

> timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.

*United States v. AT&T*, 642 F.2d 1285, 1295 (D.C.Cir.1980).

 Here the appellants claim that in moving to intervene they were prompted by the post-judgment prospect that the Government might not appeal. Prior to the entry of judgment, the appellants say, they had no reason to intervene; their interests were fully consonant with those of the Government, and those interests were adequately represented by the Government's litigation of the case. We agree. In these circumstances a post-judgment motion to intervene in order to prosecute an appeal is timely (if filed within the time period for appeal) because "the potential inadequacy of representation came into existence only at the appellate stage." *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C.Cir.1986); *see United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395–96, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).

The appellees do not convincingly defend the district court's ruling that the appellants' motion was untimely. They argue only that, because the Government "effectively conceded the factual premises underlying Plaintiffs' motion for summary judgment," the Government's representation of the appellants' interests was manifestly inadequate at an earlier point in the litigation. That the facts of this case were not in dispute is irrelevant, however; the case involved review of an administrative record the facts of which were settled before the agency. We have no reason to doubt the adequacy of the Government's commitment to resisting the appellees' motion for summary judgment. The Government's representation of the appellants' interests became potentially inadequate only when it equivocated about whether it would appeal the adverse ruling of the district court.

Although the district court perceived the appellants as "seek[ing] to inject additional arguments and materials into a very narrow review of agency action that had already proceeded to the next stage," the legally relevant purpose of their motion was simply to enable them to prosecute an appeal. Policing the limits upon what the appellants may argue on appeal is properly left to this court.

### III. Conclusion

For the foregoing reasons, we hold that the district court erred in denying the appellants' motion to intervene as untimely. Accordingly, we remand this case to the district court for it to address in the first instance the other requirements for intervention as of right.

*Reversed and remanded.*

KAREN LeCRAFT HENDERSON, Circuit Judge, concurring:

I join the court's opinion because I agree that the district court incorrectly

---

issue before us, namely, the timeliness of the appellants' motion to intervene. Whether the underlying judgment of the district court is final and, if final, is correct are questions that will not be before us unless the district court grants the appellants' motion to intervene and they appeal from the judgment.

denied the appellants' motion to intervene on the ground of untimeliness. I write separately, however, to express my view that the district court will no doubt reach the same result on remand and I therefore question the "judicial efficiency" of remanding.

The court correctly sets forth the "four requirements for intervention [as of right] under Rule 24(a)(2): (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties." *See* Majority Opinion at 3 (citing *Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd.,* 840 F.2d 72, 74 (D.C.Cir.1988)). The court also correctly concludes that under our precedent the appellants' motion was timely. That conclusion does not by itself, however, necessitate a different result on remand because failure to satisfy any of the remaining three requirements is a sufficient ground for denying intervention. *See SEC v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C.Cir.1998).

The appellants tell us their sole goal in seeking intervention is "to ensure that the appeal from [the district court's] decision take place." Plaintiffs'–Appellees' Appendix 276. They also insist that the government's decision not to pursue an appeal amply demonstrates their lack of adequate representation in this proceeding. I am not persuaded. In assessing whether a proposed intervenor's interest is adequately represented by an existing party, a court must consider whether the proposed intervenor itself has a right to pursue whatever it claims it is inadequately represented in pursuing. If no such right exists, it cannot seriously be maintained that the proposed intervenor lacks adequate representation. In this case, I believe an evaluation of the adequacy of representation issue turns on whether the appellants could have pursued an appeal from the district court order had they been parties to the district court proceeding. If so, a court could conclude they lack adequate representation because the government's decision not to pursue an appeal deprives them of recourse to which they would otherwise be entitled. If not, however, the government's decision not to appeal has no impact on the adequacy of representation of the appellants inasmuch as they are left no worse off than if they had in fact been parties to the litigation all along.

The dispositive question then becomes whether the appellants could have taken an appeal from the district court order had they been parties before the district court ruled. In my view, they could not have done so. "The jurisdiction of the courts of appeals to review district court actions is limited to 'final orders.'" *Pueblo of Sandia v. Babbitt,* 231 F.3d 878, 880 (D.C.Cir. 2000) (quoting 28 U.S.C. § 1291). Section 1291 entitles a party to appeal "from a district court decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id.* (citations and internal quotation marks omitted). However, "'[i]t is well settled that, as a general rule, a district court order remanding a case to an agency for significant further proceedings is not final,'" *id.* (quoting *In re St. Charles Preservation Investors, Ltd.,* 916 F.2d 727, 729 (D.C.Cir.1990); citing *American Hawaii Cruises v. Skinner,* 893 F.2d 1400, 1403 (D.C.Cir.1990)), unless the remand to the agency is for solely "ministerial" action. *See id.* at 881. In my view, the district court's order here was not merely "ministerial" but rather left "significant further proceedings" for the agency. And the appellants have no right to appeal a non-final order.[1] Accordingly, even if they

---

**1.** The *agency's* right to appeal such an order is based on the fact that if it were limited to

get no representation in seeking to appeal the district court's remand order, they cannot claim "inadequate" representation to take action they themselves could not take.

an appeal only after remand proceedings, it would lose the opportunity to appeal in the event the decision to remand was in error. *See, e.g., County of Los Angeles v. Shalala,* 192 F.3d 1005, 1012 (D.C.Cir.1999) (citing *Occidental Petroleum Corp. v. SEC,* 873 F.2d 325, 330 (D.C.Cir.1989)), *cert. denied,* 530 U.S. 1204, 120 S.Ct. 2197, 147 L.Ed.2d 233 (2000). But the appellants do not succeed to the agency's right to appeal which is unique to itself.