ALTERNATIVE RESEARCH AND
DEVELOPMENT FOUNDATION,
et al., Appellees,

v.

Ann M. VENEMAN, Secretary, U.S.
Department of Agriculture, et
al., Appellees.

National Association for Biomedical
Research, Appellant.

No. 00–5438.

United States Court of Appeals,
District of Columbia Circuit.

Decided Sept. 7, 2001.

Joesph Mendelson, III, was on the motion to dismiss filed by plaintiffs-appellees Alternative Research and Development Foundation, et al.

Michael Jay Singer and John S. Koppel, Attorneys, U.S. Department of Justice, for federal appellees, were on a pleading in support of the motion to dismiss.

Michael P. Socarras and Elliot H. Scherker, for appellant National Association for Biomedical Research, were on the response to appellees' motion to dismiss.

Before: GINSBURG, Chief Judge; WILLIAMS and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTION TO DISMISS

PER CURIAM:

Alternative Research and Development Foundation filed a petition for rulemaking requesting that the Secretary of Agriculture amend the definition of "animal" in regulations promulgated pursuant to the Animal Welfare Act ("Act") to remove the current exclusion of birds, mice, and rats bred for use in research. Under the Act, the Secretary of Agriculture is authorized to promulgate standards and other requirements to govern the handling, care, and treatment of animals by dealers, research facilities, and exhibitors. 7 U.S.C. § 2143(a)(1). On January 28, 1999, the United States Department of Agriculture ("USDA") published the petition and requested comments. *See* 64 Fed. Reg. 4356 (1999). While its agency petition was pending, Alternative Research and Development Foundation, as well as In Vitro International, and Kristine Gausz (collectively, "Alternative Research") filed a complaint for declaratory and injunctive relief in the district court, alleging that the USDA's exclusion of birds, rats, and mice from the definition of "animal" in 9 C.F.R. § 1.1 violates the Act. It sought an order enjoining the exclusion and directing USDA to amend the regulation by eliminating the exclusion.

After the district court denied a motion to dismiss filed by USDA, *see Alternatives Research v. Glickman*, 101 F.Supp.2d 7, 11–14 (D.D.C.2000), the National Association for Biomedical Research ("NABR"), an association engaged in research using birds, rats, and mice, sought intervention as of right or, alternatively, permissive intervention. Subsequently, Alternative Research and USDA entered into a stipulation of dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). The stipulation provides, in pertinent part, that USDA will grant Alternative Research's petition for rulemaking to amend the USDA regulation, and USDA agrees to initiate and complete a rulemaking on the regulation of birds, rats, and mice within a reasonable time. NABR then filed a motion to vacate the stipulation under Rule 60(b)(4). After a hearing, the district court filed the stipulation of dismissal and denied the motions to intervene and to vacate the stipulation under Rule 60(b), concluding that it lacked jurisdiction to decide the motions in light of the stipulated dismissal. Alternatively, the district court denied the motion to intervene as of right on the merits, concluding that

NABR's interests would not be impaired by the proposed rulemaking.

NABR appeals from the stipulated dismissal and the order denying intervention and Rule 60(b) relief. Alternative Research moves to dismiss the appeal for lack of jurisdiction. The district court's order denying intervention is appealable, but was not in error; we therefore grant summary affirmance of that ruling. Because intervention was properly denied, NABR is not a party to the action and lacks standing to appeal from the stipulated dismissal and from the order denying relief under Rule 60(b); we therefore grant the motion to dismiss as to those appeals.

\* \* \*

■ *Appealability of denial of intervention as of right.* In considering whether it had jurisdiction to review an order of the district court denying intervention to a would-be intervenor, the Supreme Court in *Brotherhood of Railroad Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), stated:

> Our jurisdiction to consider an appeal from an order denying intervention . . . depends upon the nature of the applicant's right to intervene. If the right is absolute, the order is appealable and we may judge it on its merits. . . . [O]ur jurisdiction is identified by the necessary incidents of the right to intervene in each particular instance. We must therefore determine the question of our jurisdiction in this case by examining the character of the [would-be intervenor's] right to intervene in the proceeding. . . .

*Id.* at 524–25, 67 S.Ct. 1387.

In *Brotherhood,* and certain subsequent cases, the Supreme Court postponed consideration of whether the denial of intervention as of right was appealable until it decided the appeal on the merits, thus suggesting that the appealability of the denial turned on the merits of the applicant's right to intervene. *See Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 687–88, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961) (noting that answer to question whether court has jurisdiction to review order denying intervention as of right also determines merits of appeal from denial); *Brotherhood,* 331 U.S. at 524–32, 67 S.Ct. 1387; *see also Sutphen Estates v. United States,* 342 U.S. 19, 20–21, 72 S.Ct. 14, 96 L.Ed. 19 (1951). Upon concluding that intervention as of right was properly denied, the Court in *Sam Fox Publishing* and *Sutphen Estates* dismissed the appeals. *See Sam Fox Publishing,* 366 U.S. at 695, 81 S.Ct. 1309; *Sutphen Estates,* 342 U.S. at 22–23, 72 S.Ct. 14. More recently, however, the Supreme Court assumed jurisdiction over an appeal from the denial of intervention as of right without first determining the merits of the applicant's right to intervene, and, after concluding that a lower court's denial of intervention was correct, affirmed the decision. *Donaldson v. United States,* 400 U.S. 517, 530–31, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The Court's inconsistent treatment is mirrored in the federal courts of appeals. Some decisions make appealability of the denial of intervention automatic once the district court issues its denial; that is, the denial is held to be a final order that is immediately appealable. This approach is followed by a majority of the circuit courts. *See Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers,* 219 F.3d 31, 33 (1st Cir.2000); *League of United Latin American Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997); *Development Finance Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 158 (3d Cir.1995); *Shea v. Angulo,* 19 F.3d 343, 344–45 (7th Cir.1994); *Corby Recreation, Inc. v. General Electric Co.,* 581 F.2d 175,

176 n. 1 (8th Cir.1978) (per curiam); *Securities and Exchange Comm'n v. Everest Management Corp.*, 475 F.2d 1236, 1238 n. 2 (2d Cir.1972). Having concluded that this type of order is appealable, these courts review the order denying intervention on the merits and will affirm the district court's ruling if they find no error.

The second approach makes appealability turn on the merits of the motion for intervention as of right, and the denial of intervention is not automatically an appealable, final order. This approach is followed by the Eleventh Circuit. *See EEOC v. Eastern Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir.1984). Under its self-styled "anomalous rule," the Eleventh Circuit has jurisdiction only to decide whether the district court was correct in denying intervention. Under this rule, if the circuit court concludes that the district court's order was correct, the circuit court's jurisdiction evaporates because the ruling was not a final order, and the circuit court must dismiss the appeal for want of jurisdiction. *See id.* Conversely, if the circuit court concludes that the district court erred, the circuit court retains jurisdiction and reverses the district court ruling. Either way, the circuit court first decides whether the motion to intervene was properly denied before determining whether the order is appealable. *See id.* at 641 (concluding that trial court's denial of intervention was correct and that denial was thus not an appealable final order, and dismissing appeal); *see United States v. Georgia*, 19 F.3d 1388, 1393 (11th Cir.1994) (same).

Our circuit has not been entirely consistent in its approach. In *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 127 (D.C.Cir.1972), this court concluded that a district court's denial of intervention as of right was "amenable to review on the merits" and reversed the district court's denial. The court stated that

where intervention is sought as of right, a denial of the application may be appealed, and that where permissive intervention is sought, a denial may only be appealed where the trial court has clearly abused its discretion. *See id.* And in *Moten v. Bricklayers, Masons and Plasterers International Union of America*, 543 F.2d 224, 228–32 (D.C.Cir.1976), a would-be intervenor challenged the district court's orders denying a motion to intervene and approving a settlement between the parties. On appeal, this court noted that denial of intervention as of right is an appealable final order and affirmed the district court's denial of intervention as of right under Rule 24.

In *United States v. American Telephone and Telegraph Co.*, 642 F.2d 1285 (D.C.Cir. 1980), on the other hand, we suggested that the appealability of a district court order denying intervention as of right depends on whether the applicant had a "valid claim" for intervention as of right. *See id.* at 1290–91. But in that case the court determined that appellant had a right to intervene, and therefore the court did not need to reach the issue whether the district court's order denying intervention would be appealable in the absence of a valid claim. *Id.* at 1290–91.

This court now clarifies that the denial of intervention as of right is an appealable, final order regardless of the merits of the claim for intervention as of right. This approach is in accord with the majority of circuits and is consistent with two recent rulings from this circuit. In *Smoke v. Norton*, 252 F.3d 468, 470 (D.C.Cir.2001), this court considered an appeal from a district court order denying a motion to intervene as of right under Rule 24(a). Appellants moved to intervene after the district court granted summary judgment in order to appeal from the underlying judgment, which remanded the case to the

agency. The district court denied the motion to intervene as untimely. In reversing the district court's denial, this court stated that the denial of intervention as of right is an appealable final order because it is conclusive with respect to the distinct interest asserted by the movant. *See id.* (quoting *Brotherhood,* 331 U.S. at 524, 67 S.Ct. 1387). The court treated the denial of intervention as immediately appealable and independent from the underlying judgment, noting that the question whether the underlying judgment is final would not be before the court unless appellants were allowed to intervene and they appealed from that judgment. *See id.* at 470 n. 1.

Similarly, in *In re: Vitamins Antitrust Class Actions,* 215 F.3d 26 (D.C.Cir.2000), we also considered an appeal from the district court's denial of intervention as of right under Rule 24(a). Appellants, who were presumptive members of the class but who had opted out, moved to intervene under Rule 24(a) for the limited purpose of opposing a clause in the proposed settlement of class claims. While the appeal from the denial of intervention was pending, the district court approved the settlement, which was not appealed. *See id.* at 28. This court affirmed the district court's denial of intervention, concluding that appellants were not entitled to intervene as of right because their asserted interest in being able to opt out of the class was insufficient to give them standing to challenge the settlement agreement. *Id.*

■ Although *In re: Vitamins* does not directly address whether the denial of intervention as of right is appealable, the court's statement that it may exercise pendent jurisdiction to reach the issue of permissive intervention because it is inextricably intertwined with the issue of intervention as of right, *see* 215 F.3d at 31, and the court's affirmance of the district court's denial of intervention (rather than

dismissal of the appeal), indicate it considered the denial of intervention as of right independently appealable. Thus we conclude that the district court's denial of NABR's motion to intervene as of right is an independently appealable, final order. *See Hodgson,* 473 F.2d at 124 & n. 29 (entry of final order starts time period for filing notice of appeal as to that order under Federal Rule of Appellate Procedure 4(a)).

Furthermore, our jurisdiction to review that denial is not affected by the fact that the district court denied intervention *after* the stipulated dismissal was entered; the dismissal does not render the appeal moot. *See Massachusetts School of Law at Andover, Inc. v. United States,* 118 F.3d 776, 780–81 (D.C.Cir.1997) (where would-be intervenor sought to challenge consent decree, appeal from denial of intervention as of right reviewable even though district court denied intervention after it entered consent judgment). NABR appeals from both the denial of intervention and the denial of its Rule 60(b) motion, which challenged the dismissal. If this court were to conclude that NABR was entitled to intervene in the litigation, NABR would have standing to appeal the district court's denial of the Rule 60(b) motion attacking the stipulated dismissal, and we would review that Rule 60(b) denial. *See Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1511 n. 3 (11th Cir.1996) (appeal from denial of intervention not mooted by district court's entry of judgment in underlying case); *see also League of United Latin American Citizens,* 131 F.3d at 1301 n. 1 (appeal from denial of intervention not mooted despite district court issuance of memorandum disposing of claims). Because we can potentially grant NABR effective relief, this appeal is not moot. *See Purcell,* 85 F.3d at 1511 n. 3.

\*    \*    \*

■ *Entitlement to intervention as of right.* An applicant seeking to intervene as of right must show, among other things, that it is "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest." *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C.Cir.1998). The relevant inquiry here is whether NABR's concerns about the terms of the stipulated dismissal were sufficient to constitute an interest requiring intervention. *See Moten,* 543 F.2d at 229, 232–34; *see also Natural Resources Defense Council v. Costle,* 561 F.2d 904, 908–11 (D.C.Cir.1977). NABR asserts that "USDA's collusive stratagem with [Alternative Research] to expand USDA's regulatory jurisdiction without public comment or judicial review" shows that USDA was not adequately representing NABR's interest.

But NABR's rights were not impaired by the initiation of a rulemaking. NABR is a non-profit association whose members are engaged in biomedical research that involves the use of birds, rats, and mice. NABR's position is that the exclusion for birds, rats, and mice should be removed only if regulations can be developed that take into account enforcement needs, current scientific practices, standards already established in other policy statements, and administrative and financial burdens on research facilities. As the district court noted during the hearing on the motion to intervene, NABR will not be precluded from participating in the rulemaking and, if USDA decides to issue a final rule, NABR is not precluded from challenging that rule. Significantly, the stipulated dismissal does no more than what the agency could have done by granting Alternative Research's pending agency petition for rulemaking, and the stipulated dismissal does not bind the agency in its rulemaking. *Cf. Massachusetts School of Law at Andover,* 118 F.3d at 780–81 (noting that con-

sent decree "with res judicata, collateral estoppel, or stare decisis effect might very well affect MSL's ability to protect its interests," but because the consent decree had no such effect, MSL's interest was not impaired). Accordingly, NABR's concerns about the terms of the stipulated dismissal are insufficient to constitute an interest requiring intervention before the district court under Rule 24(a)(2).

\*       \*       \*

■ *Appeal from stipulated dismissal and denial of Rule 60(b) motion.* Finally, because the district court correctly denied intervention, NABR is not a party to the action and lacks standing to appeal from either the stipulation of dismissal or the order denying its Rule 60(b) motion, which challenged the stipulated dismissal. *See* Fed.R.Civ.P. 60(b) (relief limited to a party); *Farmland Dairies v. Commissioner of the New York State Department of Agriculture and Markets,* 847 F.2d 1038, 1045 (2d Cir.1988) (concluding that because court was affirming district court order denying intervention, appellants had no standing to appeal any other order entered by district court, and court dismissed their appeals from those orders).

\*       \*       \*

For the preceding reasons, we conclude this court has jurisdiction to review the denial of intervention as of right and affirm the denial because NABR has not shown that the stipulated dismissal may impair its ability to protect its interest. Because the district court correctly denied intervention, NABR is not a party to the action and does not have standing to appeal from either the stipulated dismissal or the order denying its Rule 60(b) motion; the court dismisses the appeal from those rulings.