UNITED STATES of America, Appellee

v.

**ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, Last Valued At Approximately at $2 Million in United States Dollars, et al., Appellees**

**OAO Gazprom, Appellant**

Alexander Lazarenko, et al., Appellees.

No. 11–5139.

United States Court of Appeals, District of Columbia Circuit.

Jan. 20, 2012.

Daniel Hocker Claman, Robert Evans Kopp, Vijay Shanker, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Bryant Everett Gardner, Winston & Strawn LLP, Washington, DC, for Defendant–Appellee.

Steffen Nathanael Johnson, Gerald A. Morrissey, III, Winston & Strawn LLP, Washington, DC, for Appellant.

Debra S. Katz, Katz, Marshall & Banks, LLP, Jason Adam Levine, Esquire, Covington & Burling LLP, Washington, DC, Theresa M. Duncan, Nancy Hollander, Freedman, Boyd, Hollander, Goldberg & Ives, Albuquerque, NM, Nina Jean Ginsberg, Dimuro, Ginsberg & Leiberman, Alexandria, VA, for Appellees.

Before: GARLAND and BROWN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by counsel. It is

**ORDERED** that the appeal be dismissed.

This is a civil forfeiture action brought by the United States to recover more than $250 million held in various bank accounts throughout the world. The United States claims these funds are traceable to the crimes of former Ukrainian Prime Minister Pavlo Lazarenko, who was convicted in the United States on eight charges of money laundering and money laundering conspiracy. Appellant Gazprom, a Russian state-owned natural gas utility, claims an interest in some of the funds. Gazprom therefore filed a claim in the district court against the property, and later filed an answer and an amended answer. Other individuals and entities also claim interests in the funds and have filed their own claims in the district court. The government moved for judgment on the pleadings against Gazprom, arguing that Gazprom lacked standing. The district court agreed, granted the motion for judgment against Gazprom, and dismissed it from the *in rem* proceeding.

Gazprom appeals, arguing that the district court lacked jurisdiction over the assets and, alternatively, that the district court was wrong to dismiss for lack of standing. We reach neither of these issues because we lack jurisdiction over the appeal at this time.

Our appellate jurisdiction is rooted in 28 U.S.C. § 1291, which requires the existence of a "final decision" of the district court. A judgment may be said to be "final" in two ways. The first is when the district court has "disposed of all claims against *all* parties," *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 221 (D.C.Cir.2011) (emphasis added), by issuing a decision "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). The second is when, pursuant to Federal Rule of Civil Procedure 54(b), the district court has "expressly determine[d] that there is no just reason for delay" of final judgment and has "direct[ed] entry of a final judgment as to one or more, but fewer than all, claims or parties." FED. R. CIV. P. 54(b). Absent a Rule 54(b) order, any judgment, "however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to *any* of the claims or parties." *Id.* (emphasis added); *see Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 159 (D.C.Cir.2005) ("It is elementary that a grant of summary judgment as to some parties in a multi-party litigation does not constitute a final order unless the requirements of Fed.R.Civ.P. 54(b) are met.").

In neither of these ways is the judgment of the district court before us final. It is undisputed that the district court never "expressly" directed final judgment as to Gazprom alone pursuant to Rule 54(b). It is also undisputed that the district court has not disposed of all the claims in this multi-party *in rem* proceeding, since the claims of four claimants, including Lazarenko himself, and the claim of the United States all remain pending. Finally, while "denial of intervention as of right is an appealable final order," *Smoke v. Norton*, 252 F.3d 468, 470 (D.C.Cir.2001), the district court's decision did not deny intervention, but was instead a substantive judgment on the merits of Gazprom's claim. Our precedents therefore require that we dismiss the appeal for lack of jurisdiction. Gazprom may proceed with its appeal, as the government concedes, only once final judgment is entered as to all parties in the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).