# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5143**

**September Term, 2023**

**1:19-cv-02316-RC**

**Filed On:** December 21, 2023

William Pakosz,

        Appellant

        v.

Antony J. Blinken, in his official capacity as
Secretary of State, of the United States of
America and United States of America,

        Appellees

Michelle Boulton and Rick Dale
Hollingsworth,

        Appellants

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Pillard, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed March 25, 2022 denying appellant Boulton's motion to intervene be affirmed. The district court correctly concluded that, at the time the district court denied appellant's intervention motion, the prior issuance of her passport rendered the district court unable to provide any meaningful relief on the claims she sought to assert as an intervenor. Cf. McBryde v. Comm. to Review, 264 F.3d 52, 55 (D.C. Cir. 2001) ("[I]f events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot."); Old Dominion Elec. Coop. v. FERC, 892 F.3d 1223, 1232 (D.C. Cir. 2018). In addition, appellant has not established that she is "so situated that disposing of the action may as a practical matter impair or impede [her] ability to protect [her] interest," as required by Federal Rule of Civil Procedure 24(a)(2). See Chambers v. Burwell, 824

F.3d 141, 143 (D.C. Cir. 2016) (this court "may affirm the district court on any ground supported by the record").  It is

**FURTHER ORDERED AND ADJUDGED** that the appeal of the district court's order filed March 25, 2022 denying appellant Boulton's motion for sanctions be dismissed.  Because the district court correctly denied intervention, appellant is not a party to the case and lacks standing to appeal from the denial of the sanctions motion.  See Alternative Research & Dev. Found. v. Veneman, 262 F.3d 406, 411 (D.C. Cir. 2001).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**